[Type here]

FILED

# UNITEN STATE DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# JACKSONVILLE DIVISION

2022 JUL 22 PM 12: 01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

Case: No.

Case: No. 22-0820

JOSEPH PARROTT SR. AND JOLYNN J. PARROTT, Sui Juris

VS.

KENNETH P. CORMAN, ESQ, HOMEWOOD SUITES BY HILTON PRESIDENT AND CEO CHRISTOPHER J. NASSETTA ETC., TAMMY S. BARTON, AGENCY CLERK COMMISSION ON HUMAN RELATIONS.

IN THE STATE OF FLORIDA COMMISION OF HUMAN RELATIONS

FCHR NO.:202230775

STATE OF FLORIDA, INC., LORETTA SLOAN CLERK OF DIVISION

MOTION, 28 U.S. Code § 1446 AND NOTICE UNDER RULE  4. SUMMONS DEMAND FOR ABATEMENT

28 U.S. Code § 1446 – PROCEDURE FOR REMOVAL OF CIVIL ACTIONS FROM STATE COURT TO FEDERAL COURT

[Type here]

**NOTICE AND DEMAND FOR ABATEMENT AND MEMORANDUM OF LAW IN SUPPORT**


ELIZABETH WARREN, CLERK OF COURT


Now, comes the Accused JOSEPH PARROTT SR. AND JOLYNN J. PARROTT by his own Authority, appearing specially and not

CERTIFICATE OF SERVICE

BY ELECTRONIC E-MAIL AND U.S. POST MAIL.

generally or voluntarily, so as not to confuse the court, and challenges the jurisdiction of this

court. But being under the Threat of Arrest if he failed to appear, at no time does the Accused

submit to the Jurisdiction and Venue of the above-entitled court and at no time waving any

Rights whatsoever knowingly or unknowingly.

The Accused gives Notice that this Action be abated or dismissed immediately or show cause

why the Accused should not take all lawful recourse against the Accuser(s).

1. Determination of Material Facts via Tacit Procuration


# Rule 4. Summons

[Type here]

# Primary tabs

(a) CONTENTS; AMENDMENTS.

(1) *Contents.* A summons must:

(A) name the court and the parties;

(B) be directed to the defendant;

(C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;

(D) state the time within which the defendant must appear and defend;

(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

(F) be signed by the clerk; and

(G) bear the court's seal.

(2) *Amendments.* The court may permit a summons to be amended.

(b) ISSUANCE. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

(c) SERVICE.

(1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

(2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.

(3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.

(d) WAIVING SERVICE.

[Type here]

(1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

(A) be in writing and be addressed:

(i) to the individual defendant; or

(ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

5

(3) by other means not prohibited by international agreement, as the court orders.

(g) SERVING A MINOR OR AN INCOMPETENT PERSON. A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

(i) SERVING THE UNITED STATES AND ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES.

(1) *United States.* To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

[Type here]

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

(4) *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

(B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

(j) Serving a Foreign, State, or Local Government.

(1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. §1608.

(2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

(k) Territorial Limits of Effective Service.

(1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

(B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or

(C) when authorized by a federal statute.

(2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

(*l*) Proving Service.

(1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

(2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:

(A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or

(B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

(3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

(m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

(n) ASSERTING JURISDICTION OVER PROPERTY OR ASSETS.

(1) *Federal Law.* The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must

[Type here]

be given as provided in the statute or by serving a summons under this rule.

(2) *State Law.* On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons.

JOSEPH PARROTT SR. JOLYNN J. PARROTT

To KENNETH P. CARMAN ESQ,.

Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within (give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

[Type here]

Date: 07/07/2022

_____

(Signature

KENNETH P. CARMAN

GREGORY A. VICTOR, ESQ,

1451 W. CYPRESS CREEK ROAD SUITE 211

FT. LAUDERALE FL, 33309

(954) 416-2468

gvictor@torresvictor.com

kcarman@torresvictor.com

---

Rule 4 Waiver of the Service of Summons.

To KENNETH P. CARMAN, ESQ.

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from July 7, 2022, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 07/07/2022

[Type here]

_____

Signature

KENNETH P. CARMAN, ESQ.

1451 W. CYPRESS CREEK ROAD, SUITE 211.

FT. LAUDERDALE, FL 33309

TELEPHONE: (954)416-2468

FAX: (561)271-0250

Kcarman@torresvictor.com

Please see Attach

Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**NOTES**

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 1980, eff. Aug. 1, 1980; Pub. L. 97–462, §2, Jan. 12, 1983, 96 Stat. 2527; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 29, 2015, eff. Dec. 1, 2015; Apr. 28, 2016, eff. Dec 1, 2016.)

## NOTES OF ADVISORY COMMITTEE ON RULES—1937

*Note to Subdivision (a)*. With the provision permitting additional summons upon request of the plaintiff compare [former] Equity Rule 14 (Alias Subpoena) and the last sentence of [former] Equity Rule 12 (Issue of Subpoena—Time for Answer).

*Note to Subdivision (b)*. This rule prescribes a form of summons which follows substantially the requirements stated in [former] Equity Rules 12 (Issue of Subpoena—Time for Answer) and 7 (Process, Mesne and Final).

U.S.C., Title 28, §721 [now 1691] (Sealing and testing of writs) is substantially continued insofar as it applies to a summons, but its requirements as to teste of process are superseded. U.S.C., Title 28, [former] §722 (Teste of process, day of), is superseded.

See Rule 12(a) for a statement of the time within which the defendant is required to appear and defend.

*Note to Subdivision (c)*. This rule does not affect U.S.C., Title 28, §503 [see 566], as amended June 15, 1935 (Marshals; duties) and such statutes as the following insofar as they provide for service of process by a marshal, but modifies them insofar as they may imply service by a marshal only:

U.S.C., Title 15:

§5 (Bringing in additional parties) (Sherman Act)

§10 (Bringing in additional parties)

§25 (Restraining violations; procedure)

U.S.C., Title 28:

§45 [former] (Practice and procedure in certain cases under the interstate commerce laws)

Compare [former] Equity Rule 15 (Process, by Whom Served).

*Note to Subdivision (d)*. Under this rule the complaint must always be served with the summons.

Paragraph (1). For an example of a statute providing for service upon an agent of an individual see U.S.C., Title 28, §109 [now 1400, 1694] (Patent cases).

Paragraph (3). This enumerates the officers and agents of a corporation or of a partnership or other unincorporated association upon whom service of process may be made, and permits service of process only upon the officers, managing or general agents, or agents authorized by appointment or by law, of the corporation, partnership or unincorporated association against which the action is brought. See *Christian v. International Ass'n of Machinists*, 7 F.(2d) 481 (D.C.Ky., 1925) and *Singleton v. Order of Railway Conductors of America*, 9 F.Supp. 417 (D.C.Ill., 1935). Compare *Operative Plasterers' and Cement Finishers' International Ass'n of the United States and Canada v. Case*, 93 F.(2d) 56 (App.D.C., 1937).

For a statute authorizing service upon a specified agent and requiring mailing to the defendant, see U.S.C., Title 6, §7 [now Title 31, §9306] (Surety companies as sureties; appointment of agents; service of process).

Paragraphs (4) and (5) provide a uniform and comprehensive method of service for all actions against the United States or an officer or agency thereof. For statutes providing for such service, see U.S.C., Title 7, §§217 (Proceedings for suspension of orders), 499k (Injunctions; application of injunction laws governing orders of Interstate Commerce Commission), 608c(15)(B) (Court review of ruling of Secretary of Agriculture), and 855 (making §608c(15)(B) applicable to orders of the Secretary of Agriculture as to handlers of anti-hog-cholera serum and hog-cholera virus); U.S.C., Title 26, [former] §1569 (Bill in chancery to clear title to realty on which the United States has a lien for taxes); U.S.C., Title 28, [former] §§45 (District Courts; practice and procedure in certain cases under the interstate commerce laws), [former] 763 (Petition in suit against the United States; service; appearance by district attorney), 766 [now 2409] (Partition suits where United States is tenant in common or joint tenant), 902 [now 2410] (Foreclosure of mortgages or other liens on property in which the United States has an interest). These and similar statutes are modified insofar as they prescribe a different method of service or dispense with the service of a summons.

For the [former] Equity Rule on service, see [former] Equity Rule 13 (Manner of Serving Subpoena).

*Note to Subdivision (e)*. The provisions for the service of a summons or of notice or of an order in lieu of summons contained in U.S.C., Title 8, §405 [see 1451] (Cancellation of certificates of citizenship fraudulently or illegally procured) (service by publication in accordance with State law); U.S.C., Title 28, §118 [now 1655] (Absent defendants in suits to enforce liens); U.S.C., Title 35, §72a [now 146, 291] (Jurisdiction of District Court of United States for the District of Columbia in certain equity suits where adverse parties reside elsewhere) (service by publication against parties residing in foreign countries); U.S.C., Title 38, §445 [now 1984] (Action against the United

States on a veteran's contract of insurance) (parties not inhabitants of or not found within the District may be served with an order of the court, personally or by publication) and similar statutes are continued by this rule. Title 24, §378 [now Title 13, §336] of the Code of the District of Columbia (Publication against nonresident; those absent for six months; unknown heirs or devisees; for divorce or in rem; actual service beyond District) is continued by this rule.

*Note to Subdivision (f)*. This rule enlarges to some extent the present rule as to where service may be made. It does not, however, enlarge the jurisdiction of the district courts.

U.S.C., Title 28, §§113 [now 1392] (Suits in States containing more than one district) (where there are two or more defendants residing in different districts), [former] 115 (Suits of a local nature), 116 [now 1392] (Property in different districts in same State), [former] 838 (Executions run in all districts of State); U.S.C., Title 47, §13 (Action for damages against a railroad or telegraph company whose officer or agent in control of a telegraph line refuses or fails to operate such line in a certain manner— "upon any agent of the company found in such state"); U.S.C., Title 49, §321(c) [see 13304(a)] (Requiring designation of a process agent by interstate motor carriers and in case of failure so to do, service may be made upon any agent in the State) and similar statutes, allowing the running of process throughout a State, are substantially continued.

U.S.C., Title 15, §§5 (Bringing in additional parties) (Sherman Act), 25 (Restraining violations; procedure); U.S.C., Title 28, §§44 [now 2321] (Procedure in certain cases under interstate commerce laws; service of processes of court), 117 [now 754, 1692] (Property in different States in same circuit; jurisdiction of receiver), 839 [now 2413] (Executions; run in every State and Territory) and similar statutes, providing for the running of process beyond the territorial limits of a State, are expressly continued.

*Note to Subdivision (g)*. With the second sentence compare [former] Equity Rule 15 (Process, by Whom Served).

*Note to Subdivision (h)*. This rule substantially continues U.S.C., Title 28, [former] §767 (Amendment of process).

#### NOTES OF ADVISORY COMMITTEE ON RULES—1963 AMENDMENT

*Subdivision (b)*. Under amended subdivision (e) of this rule, an action may be commenced against a nonresident of the State in which the district court is held by complying with State procedures. Frequently the form of the summons or notice required in these cases by State law differs from the Federal form of summons described in present subdivision (b) and exemplified in Form 1. To avoid confusion, the amendment of subdivision (b)

14

states that a form of summons or notice, corresponding "as nearly as may be" to the State form, shall be employed. See also a corresponding amendment of Rule 12(a) with regard to the time to answer.

*Subdivision (d)(4)*. This paragraph, governing service upon the United States, is amended to allow the use of certified mail as an alternative to registered mail for sending copies of the papers to the Attorney General or to a United States officer or agency. Cf. N.J. Rule 4:5–2. See also the amendment of Rule 30(f)(1).

*Subdivision (d)(7)*. Formerly a question was raised whether this paragraph, in the context of the rule as a whole, authorized service in original Federal actions pursuant to State statutes permitting service on a State official as a means of bringing a nonresident motorist defendant into court. It was argued in *McCoy v. Siler*, 205 F.2d 498, 501–2 (3d Cir.) (concurring opinion), *cert. denied*, 346 U.S. 872, 74 S.Ct. 120, 98 L.Ed. 380 (1953), that the effective service in those cases occurred not when the State official was served but when notice was given to the defendant outside the State, and that subdivision (f) (Territorial limits of effective service), as then worded, did not authorize out-of-State service. This contention found little support. A considerable number of cases held the service to be good, either by fixing upon the service on the official within the State as the effective service, thus satisfying the wording of subdivision (f) as it then stood, see *Holbrook v. Cafiero*, 18 F.R.D. 218 (D.Md. 1955); *Pasternack v. Dalo*, 17 F.R.D. 420; (W.D.Pa. 1955); cf. *Super Prods. Corp. v. Parkin*, 20 F.R.D. 377 (S.D.N.Y. 1957), or by reading paragraph (7) as not limited by subdivision (f). See *Griffin v. Ensign*, 234 F.2d 307 (3d Cir. 1956); 2 *Moore's Federal Practice*,

4.19 (2d ed. 1948); 1 Barron & Holtzoff, *Federal Practice & Procedure* §182.1 (Wright ed. 1960); Comment, 27 U. of Chi.L.Rev. 751 (1960). See also *Olberding v. Illinois Central R.R.*, 201 F.2d 582 (6th Cir.), *rev'd on other grounds*, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1953); *Feinsinger v. Bard*, 195 F.2d 45 (7th Cir. 1952).

An important and growing class of State statutes base personal jurisdiction over nonresidents on the doing of acts or on other contacts within the State, and permit notice to be given the defendant outside the State without any requirement of service on a local State official. See, e.g., Ill.Ann.Stat. ch. 110, §§16, 17 (Smith-Hurd 1956); Wis.Stat. §262.06 (1959). This service, employed in original Federal actions pursuant to paragraph (7), has also been held proper. See *Farr & Co. v. Cia. Intercontinental de Nav. de Cuba*, 243 F.2d 342 (2d Cir. 1957); *Kappus v. Western Hills Oil, Inc.*, 24 F.R.D. 123 (E.D.Wis. 1959); *Star v. Rogalny*, 162 F.Supp. 181 (E.D.Ill. 1957). It has also been held that the clause of paragraph (7) which permits service "in the manner prescribed by the law of the state," etc., is not limited by subdivision (c) requiring that service of all process be made by certain designated persons. See *Farr & Co. v. Cia. Intercontinental de Nav. de Cuba, supra. But cf. Sappia v. Lauro Lines*, 130 F.Supp. 810 (S.D.N.Y. 1955).

The salutary results of these cases are intended to be preserved. See paragraph (7), with a clarified reference to State law, and amended subdivisions (e) and (f).

*Subdivision (e)*. For the general relation between subdivisions (d) and (e), see 2 Moore, *supra*,

[Type here]

4.32.

The amendment of the first sentence inserting the word "thereunder" supports the original intention that the "order of court" must be authorized by a specific United States statute. See 1 Barron & Holtzoff, supra, at 731. The clause added at the end of the first sentence expressly adopts the view taken by commentators that, if no manner of service is prescribed in the statute or order, the service may be made in a manner stated in Rule 4. See 2 Moore, *supra*,

 4.32, at 1004; Smit, *International Aspects of Federal Civil Procedure*, 61 Colum.L.Rev. 1031, 1036–39 (1961). *But see* Commentary, 5 Fed. Rules Serv. 791 (1942).

 Examples of the statutes to which the first sentence relates are 28 U.S.C. §2361 (Interpleader; process and procedure); 28 U.S.C. §1655 (Lien enforcement; absent defendants).

 The second sentence, added by amendment, expressly allows resort in original Federal actions to the procedures provided by State law for effecting service on nonresident parties (as well as on domiciliaries not found within the State). See, as illustrative, the discussion under amended subdivision (d)(7) of service pursuant to State nonresident motorist statutes and other comparable State statutes. Of particular interest is the change brought about by the reference in this sentence to State procedures for commencing actions against nonresidents by attachment and the like, accompanied by notice. Although an action commenced in a State court by attachment may be removed to the Federal court if ordinary conditions for removal are satisfied, see 28 U.S.C. §1450; *Rorick v. Devon Syndicate, Ltd*., 307 U.S. 299, 59 S.Ct. 877, 83 L.Ed. 1303 (1939); *Clark v. Wells*, 203 U.S. 164, 27 S.Ct. 43, 51 L.Ed. 138 (1906), there has heretofore been no provision recognized by the courts for commencing an original Federal civil action by attachment. See Currie, *Attachment and Garnishment in the Federal Courts*, 59 Mich.L.Rev. 337 (1961), arguing that this result came about through historical anomaly. Rule 64, which refers to attachment, garnishment, and similar procedures under State law, furnishes only provisional remedies in actions otherwise validly commenced. See *Big Vein Coal Co. v. Read*, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1953 (1913); *Davis v. Ensign-Bickford Co*., 139 F.2d 624 (8th Cir. 1944); 7 *Moore's Federal Practice*

64.05 (2d ed. 1954); 3 Barron & Holtzoff, *Federal Practice & Procedure* §1423 (Wright ed. 1958); but cf. Note, 13 So.Calif.L.Rev. 361 (1940). The amendment will now permit the institution of original Federal actions against nonresidents through the use of familiar State procedures by which property of these defendants is brought within the custody of the court and some appropriate service is made up them.

The necessity of satisfying subject-matter jurisdictional requirements and requirements of venue will limit the practical utilization of these methods of effecting service. Within those limits, however, there appears to be no reason for denying plaintiffs means of commencing actions in Federal courts which are generally available in the State courts. See 1 Barron & Holtzoff, *supra*, at 374–80; Nordbye, *Comments on Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 18 F.R.D. 105, 106 (1956); Note, 34 Corn.L.Q. 103 (1948); Note, 13 So.Calif.L.Rev. 361 (1940).

If the circumstances of a particular case satisfy the applicable Federal law (first sentence of Rule 4(e), as amended) and the applicable State law (second sentence), the party seeking to make the service may proceed under the Federal or the State law, at his option.

See also amended Rule 13(a), and the Advisory Committee's Note thereto.

*Subdivision (f)*. The first sentence is amended to assure the effectiveness of service outside the territorial limits of the State in all the cases in which any of the rules authorize service beyond those boundaries. Besides the preceding provisions of Rule 4, see Rule 71A(d)(3). In addition, the new second sentence of the subdivision permits effective service within a limited area outside the State in certain special situations, namely, to bring in additional parties to a counterclaim or cross-claim (Rule 13(h)), impleaded parties (Rule 14), and indispensable or conditionally necessary parties to a pending action (Rule 19); and to secure compliance with an order of commitment for civil contempt. In those situations effective service can be made at points not more than 100 miles distant from the courthouse in which the action is commenced, or to which it is assigned or transferred for trial.

The bringing in of parties under the 100-mile provision in the limited situations enumerated is designed to promote the objective of enabling the court to determine entire controversies. In the light of present-day facilities for communication and travel, the territorial range of the service allowed, analogous to that which applies to the service of a subpoena under Rule 45(e)(1), can hardly work hardship on the parties summoned. The provision will be especially useful in metropolitan areas spanning more than one State. Any requirements of subject-matter jurisdiction and venue will still have to

be satisfied as to the parties brought in, although these requirements will be eased in some instances when the parties can be regarded as "ancillary." See *Pennsylvania R.R. v. Erie Avenue Warehouse Co*., 5 F.R.Serv.2d 14a.62, Case 2 (3d Cir. 1962); *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959); *United Artists Corp. v. Masterpiece Productions, Inc*., 221 F.2d 213 (2d Cir. 1955); *Lesnik v. Public Industrials Corp*., 144 F.2d 968 (2d Cir. 1944); *Vaughn v. Terminal Transp. Co*., 162 F.Supp. 647 (E.D.Tenn. 1957); and compare the fifth paragraph of the Advisory Committee's Note to Rule 4(e), as amended. The amendment is but a moderate extension of the territorial reach of Federal process and has ample practical justification. See 2 Moore, *supra*. §4.01[13] (Supp. 1960); 1 Barron & Holtzoff, supra, §184; Note, 51 Nw.U.L.Rev. 354 (1956). *But cf*. Nordbye, *Comments on Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 18 F.R.D. 105, 106 (1956).

As to the need for enlarging the territorial area in which orders of commitment for civil contempt may be served, see *Graber v. Graber*, 93 F.Supp. 281 (D.D.C. 1950); *Teele Soap Mfg. Co. v. Pine Tree Products Co., Inc*., 8 F.Supp. 546 (D.N.H. 1934); *Mitchell v. Dexter*, 244 Fed. 926 (1st Cir. 1917); *in re Graves*, 29 Fed. 60 (N.D. Iowa 1886).

As to the Court's power to amend subdivisions (e) and (f) as here set forth, see *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946).

*Subdivision (i)*. The continual increase of civil litigation having international elements makes it advisable to consolidate, amplify, and clarify the provisions governing service upon parties in foreign countries. See generally Jones, *International Judicial Assistance: Procedural Chaos and a Program for Reform*, 62 Yale L.J. 515 (1953); Longley, *Serving Process, Subpoenas and Other Documents in Foreign Territory*, Proc. A.B.A., Sec. Int'l & Comp. L. 34 (1959); Smit, *International Aspects of Federal Civil Procedure*, 61 Colum.L.Rev. 1031 (1961).

As indicated in the opening lines of new subdivision (i), referring to the provisions of subdivision (e), the authority for effecting foreign service must be found in a statute of the United States or a statute or rule of court of the State in which the district court is held providing in terms or upon proper interpretation for service abroad upon persons not inhabitants of or found within the State. See the Advisory Committee's Note to amended Rule 4(d)(7) and Rule 4(e). For examples of Federal and State statutes expressly authorizing such service, see 8 U.S.C. §1451(b); 35 U.S.C. §§146, 293; Me.Rev.Stat., ch. 22, §70 (Supp. 1961); Minn.Stat.Ann. §303.13 (1947); N.Y.Veh. & Tfc.Law §253. Several decisions have construed statutes to permit service in foreign countries, although the matter is not expressly mentioned in the statutes. See, e.g., *Chapman v. Superior Court*, 162

Cal.App.2d 421, 328 P.2d 23 (Dist.Ct.App. 1958); *Sperry v. Fliegers*, 194 Misc. 438, 86 N.Y.S.2d 830 (Sup.Ct. 1949); *Ewing v. Thompson*, 233 N.C. 564, 65 S.E.2d 17 (1951); *Rushing v. Bush*, 260 S.W.2d 900 (Tex.Ct.Civ.App. 1953). Federal and State statutes authorizing service on nonresidents in such terms as to warrant the interpretation that service abroad is permissible include 15 U.S.C. §§77v(a), 78aa, 79y; 28 U.S.C. §1655; 38 U.S.C. §784(a); Ill.Ann.Stat. ch. 110, §§16, 17 (Smith-Hurd 1956); Wis.Stat. §262.06 (1959).

Under subdivisions (e) and (i), when authority to make foreign service is found in a Federal statute or statute or rule of court of a State, it is always sufficient to carry out the service in the manner indicated therein. Subdivision (i) introduces considerable further flexibility by permitting the foreign service and return thereof to be carried out in any of a number of other alternative ways that are also declared to be sufficient. Other aspects of foreign service continue to be governed by the other provisions of Rule 4. Thus, for example, subdivision (i) effects no change in the form of the summons, or the issuance of separate or additional summons, or the amendment of service.

Service of process beyond the territorial limits of the United States may involve difficulties not encountered in the case of domestic service. Service abroad may be considered by a foreign country to require the performance of judicial, and therefore "sovereign," acts within its territory, which that country may conceive to be offensive to its policy or contrary to its law. See Jones, *supra*, at 537. For example, a person not qualified to serve process according to the law of the foreign country may find himself subject to sanctions if he attempts service therein. See Inter-American Judicial Committee, *Report on Uniformity of Legislation on International Cooperation in Judicial Procedures* 20 (1952). The enforcement of a judgment in the foreign country in which the service was made may be embarrassed or prevented if the service did not comport with the law of that country. See *ibid*.

One of the purposes of subdivision (i) is to allow accommodation to the policies and procedures of the foreign country. It is emphasized, however, that the attitudes of foreign countries vary considerably and that the question of recognition of United States judgments abroad is complex. Accordingly, if enforcement is to be sought in the country of service, the foreign law should be examined before a choice is made among the methods of service allowed by subdivision (i).

*Subdivision (i)(1)*. Subparagraph (a) of paragraph (1), permitting service by the method prescribed by the law of the foreign country for service on a person in that country in a civil action in any of its courts of general jurisdiction, provides an alternative that is likely to create least objection in

the place of service and also is likely to enhance the possibilities of securing ultimate enforcement of the judgment abroad. See *Report on Uniformity of Legislation on International Cooperation in Judicial Procedures, supra.*

In certain foreign countries service in aid of litigation pending in other countries can lawfully be accomplished only upon request to the foreign court, which in turn directs the service to be made. In many countries this has long been a customary way of accomplishing the service. See *In re Letters Rogatory out of First Civil Court of City of Mexico*, 261 Fed. 652 (S.D.N.Y. 1919); *Jones, supra*, at 543; Comment, 44 Colum.L.Rev. 72 (1944); Note, 58 Yale L.J. 1193 (1949). Subparagraph (B) of paragraph (1), referring to a letter rogatory, validates this method. A proviso, applicable to this subparagraph and the preceding one, requires, as a safeguard, that the service made shall be reasonably calculated to give actual notice of the proceedings to the party. See *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

Subparagraph (C) of paragraph (1), permitting foreign service by personal delivery on individuals and corporations, partnerships, and associations, provides for a manner of service that is not only traditionally preferred, but also is most likely to lead to actual notice. Explicit provision for this manner of service was thought desirable because a number of Federal and State statutes permitting foreign service do not specifically provide for service by personal delivery abroad, see e.g., 35 U.S.C. §§146, 293; 46 [App.] U.S.C. §1292; Calif.Ins.Code §1612; N.Y.Veh. & Tfc.Law §253, and it also may be unavailable under the law of the country in which the service is made.

Subparagraph (D) of paragraph (1), permitting service by certain types of mail, affords a manner of service that is inexpensive and expeditious, and requires a minimum of activity within the foreign country. Several statutes specifically provide for service in a foreign country by mail, e.g., Hawaii Rev.Laws §§230–31, 230–32 (1955); Minn.Stat.Ann. §303.13 (1947); N.Y.Civ.Prac.Act, §229–b; N.Y.Veh. & Tfc.Law §253, and it has been sanctioned by the courts even in the absence of statutory provision specifying that form of service. *Zurini v. United States*, 189 F.2d 722 (8th Cir. 1951); *United States v. Cardillo*, 135 F.Supp. 798 (W.D.Pa. 1955); *Autogiro Co. v. Kay Gyroplanes, Ltd*., 55 F.Supp. 919 (D.D.C. 1944). Since the reliability of postal service may vary from country to country, service by mail is proper only when it is addressed to the party to be served and a form of mail requiring a signed receipt is used. An additional safeguard is provided by the requirement that the mailing be attended to be the clerk of the court. See also the provisions of paragraph (2) of this subdivision (i) regarding proof of service by mail.

Under the applicable law it may be necessary, when the defendant is an infant or incompetent person, to deliver the summons and complaint to a

guardian, committee, or similar fiduciary. In such a case it would be advisable to make service under subparagraph (A), (B), or (E).

Subparagraph (E) of paragraph (1) adds flexibility by permitting the court by order to tailor the manner of service to fit the necessities of a particular case or the peculiar requirements of the law of the country in which the service is to be made. A similar provision appears in a number of statutes, e.g., 35 U.S.C. §§146, 293; 38 U.S.C. §784(a); 46 [App.] U.S.C. §1292.

The next-to-last sentence of paragraph (1) permits service under (C) and (E) to be made by any person who is not a party and is not less than 18 years of age or who is designated by court order or by the foreign court. Cf. Rule 45(c); N.Y.Civ.Prac.Act §§233, 235. This alternative increases the possibility that the plaintiff will be able to find a process server who can proceed unimpeded in the foreign country; it also may improve the chances of enforcing the judgment in the country of service. Especially is the alternative valuable when authority for the foreign service is found in a statute or rule of court that limits the group of eligible process servers to designated officials or special appointees who, because directly connected with another "sovereign," may be particularly offensive to the foreign country. See generally Smit, *supra*, at 1040–41. When recourse is had to subparagraph (A) or (B) the identity of the process server always will be determined by the law of the foreign country in which the service is made.

The last sentence of paragraph (1) sets forth an alternative manner for the issuance and transmission of the summons for service. After obtaining the summons from the clerk, the plaintiff must ascertain the best manner of delivering the summons and complaint to the person, court, or officer who will make the service. Thus the clerk is not burdened with the task of determining who is permitted to serve process under the law of a particular country or the appropriate governmental or nongovernmental channel for forwarding a letter rogatory. Under (D), however, the papers must always be posted by the clerk.

*Subdivision (i)(2)*. When service is made in a foreign country, paragraph (2) permits methods for proof of service in addition to those prescribed by subdivision (g). Proof of service in accordance with the law of the foreign country is permitted because foreign process servers, unaccustomed to the form or the requirement of return of service prevalent in the United States, have on occasion been unwilling to execute the affidavit required by Rule 4(g). See Jones, *supra*, at 537; Longley, *supra*, at 35. As a corollary of the alternate manner of service in subdivision (i)(1)(E), proof of service as directed by order of the court is permitted. The special provision for proof of service by mail is intended as an additional safeguard when that method is used. On the type of evidence of delivery that may be satisfactory to a court

in lieu of a signed receipt, see *Aero Associates, Inc. v. La Metropolitana*, 183 F.Supp. 357 (S.D.N.Y. 1960).

### NOTES OF ADVISORY COMMITTEE ON RULES—1966 AMENDMENT

The wording of Rule 4(f) is changed to accord with the amendment of Rule 13(h) referring to Rule 19 as amended.

### NOTES OF ADVISORY COMMITTEE ON RULES—1980 AMENDMENT

*Subdivision (a)*. This is a technical amendment to conform this subdivision with the amendment of subdivision (c).

*Subdivision (c)*. The purpose of this amendment is to authorize service of process to be made by any person who is authorized to make service in actions in the courts of general jurisdiction of the state in which the district court is held or in which service is made.

There is a troublesome ambiguity in Rule 4. Rule 4(c) directs that all process is to be served by the marshal, by his deputy, or by a person specially appointed by the court. But Rule 4(d)(7) authorizes service in certain cases "in the manner prescribed by the law of the state in which the district court is held. . . ." And Rule 4(e), which authorizes service beyond the state and service in *quasi in rem* cases when state law permits such service, directs that "service may be made . . . under the circumstances and in the manner prescribed in the [state] statute or rule." State statutes and rules of the kind referred to in Rule 4(d)(7) and Rule 4(e) commonly designate the persons who are to make the service provided for, *e.g.*, a sheriff or a plaintiff. When that is so, may the persons so designated by state law make service, or is service in all cases to be made by a marshal or by one specially appointed under present Rule 4(c)? The commentators have noted the ambiguity and have suggested the desirability of an amendment. See 2 *Moore's Federal Practice*

4.08 (1974); Wright & Miller, *Federal Practice and Procedure: Civil* §1092 (1969). And the ambiguity has given rise to unfortunate results. See *United States for the use of Tanos v. St. Paul Mercury Ins. Co.*, 361 F. 2d 838 (5th Cir. 1966); *Veeck v. Commodity Enterprises, Inc.*, 487 F. 2d 423 (9th Cir. 1973).

The ambiguity can be resolved by specific amendments to Rules 4(d)(7) and 4(e), but the Committee is of the view that there is no reason why Rule 4(c) should not generally authorize service of process in all cases by anyone authorized to make service in the courts of general jurisdiction of the state in which the district court is held or in which service is made. The marshal continues to be the obvious, always effective officer for service of process.

### LEGISLATIVE STATEMENT—1983 AMENDMENT

128 Congressional Record H9848, Dec. 15, 1982

Mr. EDWARDS of California. Mr. Speaker, in July Mr. McClory and I brought before the House a bill to delay the effective date of proposed changes in rule 4 of the Federal Rules of Civil Procedure, dealing with service of process. The Congress enacted that legislation and delayed the effective date so that we could cure certain problems in the proposed amendments to rule 4.

Since that time, Mr. McClory and I introduced a bill, H.R. 7154, that cures those problems. It was drafted in consultation with representatives of the Department of Justice, the Judicial Conference of the United States, and others.

The Department of Justice and the Judicial Conference have endorsed the bill and have urged its prompt enactment. Indeed, the Department of Justice has indicated that the changes occasioned by the bill will facilitate its collection of debts owned to the Government.

I have a letter from the Office of Legislative Affairs of the Department of Justice supporting the bill that I will submit for the Record. Also, I am submitting for the Record a section-by-section analysis of the bill.

H.R. 7154 makes much needed changes in rule 4 of the Federal Rules of Civil Procedure and is supported by all interested parties. I urge my colleagues to support it.

U.S. Department of Justice.

Office of Legislative Affairs,

*Washington, D.C., December 10, 1982.*

Hon. Peter W. Rodino, Jr.,

*Chairman, Committee on the Judiciary, House of Representatives, Washington, D.C.*

Dear Mr. Chairman: This is to proffer the views of the Department of Justice on H.R. 7154, the proposed Federal Rules of Civil Procedure Amendments Act of 1982. While the agenda is extremely tight and we appreciate that fact, we do reiterate that this Department strongly endorses the enactment of H.R. 7154. We would greatly appreciate your watching for any possible way to enact this legislation expeditiously.

H.R. 7154 would amend Rule 4 of the Federal Rules of Civil Procedure to relieve effectively the United States Marshals Service of the duty of routinely serving summonses and complaints for private parties in civil actions and would thus achieve a goal this Department has long sought. Experience has shown that the Marshals Service's increasing workload and limited budget require such major relief from the burdens imposed by its role as process-server in all civil actions.

The bill would also amend Rule 4 to permit certain classes of defendants to be served by first class mail with a notice and acknowledgment of receipt form enclosed. We have previously expressed a preference for the service-by-mail provisions of the proposed amendments to Rule 4 which the Supreme Court transmitted to Congress on April 28, 1982.

The amendments proposed by the Supreme Court would permit service by registered or certified mail, return receipt requested. We had regarded the Supreme Court proposal as the more efficient because it would not require and affirmative act of signing and mailing on the part of a defendant. Moreover, the Supreme Court proposal would permit the entry of a default judgment if the record contained a returned receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant and subsequent service and notice by first class mail. However, critics of that system of mail service have argued that certified mail is not an effective method of providing actual notice to defendants of claims against them because signatures may be illegible or may not match the name of the defendant, or because it may be difficult to determine whether mail has been "unclaimed" or "refused," the latter providing the sole basis for a default judgment.

As you know, in light of these criticisms the Congress enacted Public Law 97–227 (H.R. 6663) postponing the effective date of the proposed amendments to Rule 4 until October 1, 1983, so as to facilitate further review of the problem. This Department opposed the delay in the effective date, primarily because the Supreme Court's proposed amendments also contained urgently needed provisions designed to relieve the United States Marshals of the burden of serving summonses and complaints in private civil

26

actions. In our view, these necessary relief provisions are readily separable from the issues of service by certified mail and the propriety of default judgment after service by certified mail which the Congress felt warranted additional review.

During the floor consideration of H.R. 6663 Congressman Edwards and other proponents of the delayed effective date pledged to expedite the review of the proposed amendments to Rule 4, given the need to provide prompt relief for the Marshals Service in the service of process area. In this spirit Judiciary Committee staff consulted with representatives of this Department, the Judicial Conference, and others who had voiced concern about the proposed amendments.

H.R. 7154 is the product of those consultations and accommodated the concerns of the Department in a very workable and acceptable manner.

Accordingly, we are satisfied that the provisions of H.R. 7154 merit the support of all three branches of the Federal Government and everyone else who has a stake in the fair and efficient service of process in civil actions. We urge prompt consideration of H.R. 7154 by the Committee. [1]

The Office of Management and Budget has advised that there is no objection to the submission of this report from the standpoint of the Administration's program.

Sincerely,

Robert A. McConnell,

*Assistant Attorney General.*

---

[1] In addition to amending Rule 4, we have previously recommended: (a) amendments to 28 U.S.C. §569(b) redefining the Marshals traditional role by eliminating the statutory requirement that they serve subpoenas, as well as summonses and complaints, and; (b) amendments to 28 U.S.C. §1921 changing the manner and level in which marshal fees are charged for serving private civil process. These legislative changes are embodied in Section 10 of S. 2567 and the Department's proposed fiscal year 1983 Appropriations Authorization bill. If, in the Committee's judgment, efforts to incorporate these suggested amendments in H.R. 7154 would in any way impede consideration of the bill during the few remaining legislative days in the 97th Congress, we would urge that they be separately considered early in the 98th Congress.

## H.R. 7154— FEDERAL RULES OF CIVIL PROCEDURE AMENDMENTS ACT OF 1982

### BACKGROUND

The Federal Rules of Civil Procedure set forth the procedures to be followed in civil actions and proceedings in United States district courts. These rules are usually amended by a process established by 28 U.S.C. 2072, often referred to as the "Rules Enabling Act". The Rules Enabling Act provides that the Supreme Court can propose new rules of "practice and procedure" and amendments to existing rules by transmitting them to Congress after the start of a regular session but not later than May 1. The rules and amendments so proposed take effect 90 days after transmittal unless legislation to the contrary is enacted.[1]

On April 28, 1982, the Supreme Court transmitted to Congress several proposed amendments to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure (which govern criminal cases and proceedings in Federal courts), and the Rules and Forms Governing Proceedings in the United States District Courts under sections 2254 and 2255 of Title 28, United States Code (which govern habeas corpus proceedings). These amendments were to have taken effect on August 1, 1982.

The amendments to Rule 4 of the Federal Rules of Civil Procedure were intended primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions. Appendix II, at 7 (Report of the Committee on Rules of Practice and Procedure), 16 (Advisory Committee Note). The Committee received numerous complaints that the changes not only failed to achieve that goal, but that in the process the changes saddled litigators with flawed mail service, deprived litigants of the use of effective local procedures for service, and created a time limit for service replete with ambiguities that could only be resolved by costly litigation. See House Report No. 97–662, at 2–4 (1982).

In order to consider these criticisms, Congress enacted Public Law 97–227, postponing the effective date of the proposed amendments to Rule 4 until October 1, 1983. [2] Accordingly, in order to help shape the policy behind, and the form of, the proposed amendments, Congress must enact legislation before October 1, 1983. [3]

With that deadline and purpose in mind, consultations were held with representatives of the Judicial Conference, the Department of Justice, and others who had voiced concern about the proposed amendments. H.R. 7154 is the product of those consultations. The bill seeks to effectuate the policy of relieving the Marshals Service of the duty of routinely serving summonses and complaints. It provides a system of service by mail modeled upon a system found to be effective in California, and finally, it makes appropriate stylistic, grammatical, and other changes in Rule 4.

### NEED FOR THE LEGISLATION

*1. Current Rule 4*

Rule 4 of the Federal Rules of Civil Procedure relates to the issuance and service of process. Subsection (c) authorizes service of process by personnel of the Marshals Service, by a person specially appointed by the Court, or "by a person authorized to serve process in an action brought in the courts of general jurisdiction of the state in which the district court is held or in which service is made." Subsection (d) describes how a summons and complaint must be served and designates those persons who must be served in cases involving specified categories of defendants. Mail service is not directly authorized. Subsection (d)(7), however, authorizes service under the law of the state in which the district court sits upon defendants described in subsections (d)(1) (certain individuals) and (d)(3) (organizations). Thus, if state law authorizes service by mail of a summons and complaint upon an individual or organization described in subsections (d)(1) or (3), then subsection (d)(7) authorizes service by mail for United States district courts in that state. [4]

### 2. Reducing the role of marshals

The Supreme Court's proposed modifications of Rule 4 were designed to alleviate the burden on the Marshals Service of serving summonses and complaints in private civil actions. Appendix II, at 7 (Report of the Committee on Rules of Practice and Procedure), 16 (Advisory Committee Note). While the Committee received no complaints about the goal of reducing the role of the Marshals Service, the Court's proposals simply failed to achieve that goal. See House Report No. 97–662, at 2–3 (1982).

The Court's proposed Rule 4(c)(2)(B) required the Marshals Service to serve summonses and complaints "pursuant to any statutory provision expressly providing for service by a United States Marshal or his deputy." [5] One such statutory provision is 28 U.S.C. 569(b), which compels marshals to "execute *all* lawful writs, process and orders issued under authority of the United States, *including those of the courts * * *.*" (emphasis added). Thus, any party could have invoked 28 U.S.C. 569(b) to utilize a marshal for service of a summons and complaint, thereby thwarting the intent of the new subsection to limit the use of marshals. The Justice Department acknowledges that the proposed subsection did not accomplish its objectives. [6]

Had 28 U.S.C. 569(b) been inconsistent with proposed Rule 4(c)(2)(B), the latter would have nullified the former under 28 U.S.C. 2072, which provides that "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Since proposed Rule 4(c)(2)(B) specifically referred to statutes such as 28 U.S.C. 569(b), however, the new subsection did not conflict with 28 U.S.C. 569(b) and did not, therefore, supersede it.

H.R. 7154 cures this problem and achieves the desired reduction in the role of the Marshals Service by authorizing marshals to serve summonses and complaints "on behalf of the United States". By so doing, H.R. 7154 eliminates the loophole in the Court's proposed language and still provides for service by marshals on behalf of the Government. [7]

### 3. Mail service

The Supreme Court's proposed subsection (d)(7) and (8) authorized, as an alternative to personal service, mail service of summonses and complaints on individuals and organizations described in subsection (d)(1) and (3), but only through registered or certified mail, restricted delivery. Critics of that system of mail service argued that registered and certified mail were not necessarily effective methods of providing actual notice to defendants of claims against them. This was so, they argued, because signatures may be illegible or may not match the name of the defendant, or because it may be difficult to determine whether mail has been "unclaimed" or "refused", the latter apparently providing the sole basis for a default judgment. [8]

H.R. 7154 provides for a system of service by mail similar to the system now used in California. See Cal. Civ. Pro. §415.30 (West 1973). Service would be by ordinary mail with a notice and acknowledgment of receipt form enclosed. If the defendant returns the acknowledgment form to the sender within 20 days of mailing, the sender files the return and service is complete. If the acknowledgment is not returned within 20 days of mailing, then service must be effected through some other means provided for in the Rules.

This system of mail service avoids the notice problems created by the registered and certified mail procedures proposed by the Supreme Court. If the proper person receives the notice and returns the acknowledgment, service is complete. If the proper person does not receive the mailed form, or if the proper person receives the notice but fails to return the acknowledgment form, another method of service authorized by law is required. [9] In either instance, however, the defendant will receive actual notice of the claim. In order to encourage defendants to return the acknowledgment form, the court can order a defendant who does not return it to pay the costs of service unless the defendant can show good cause for the failure to return it.

### 4. The local option

The Court's proposed amendments to Rule 4 deleted the provision in current subsection (d)(7) that authorizes service of a summons and complaint upon individuals and organizations "in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action

brought in the courts of general jurisdiction of that state." The Committee received a variety of complaints about the deletion of this provision. Those in favor of preserving the local option saw no reason to forego systems of service that had been successful in achieving effective notice. [10]

H.R. 7154 carries forward the policy of the current rule and permits a party to serve a summons and complaint upon individuals and organizations described in Rule 4(d)(1) and (3) in accordance with the law of the state in which the district court sits. Thus, the bill authorizes four methods of serving a summons and complaint on such defendants: (1) service by a nonparty adult (Rule 4(c)(2)(A)); (2) service by personnel of the Marshals Service, if the party qualifies, such as because the party is proceeding in forma pauperis (Rule 4(c)(2)(B)); (3) service in any manner authorized by the law of the state in which the district court is held (Rule 4(c)(2)(C)(i)); or (4) service by regular mail with a notice and acknowledgment of receipt form enclosed (Rule 4(c)(2)(C)(ii)). [11]

## 5. Time limits

Rule 4 does not currently provide a time limit within which service must be completed. Primarily because United States marshals currently effect service of process, no time restriction has been deemed necessary. Appendix II, at 18 (Advisory Committee Note). Along with the proposed changes to subdivisions (c) and (d) to reduce the role of the Marshals Service, however, came new subdivision (j), requiring that service of a summons and complaint be made within 120 days of the filing of the complaint. If service were not accomplished within that time, proposed subdivision (j) required that the action "be dismissed as to that defendant without prejudice upon motion or upon the court's own initiative". Service by mail was deemed made for purposes of subdivision (j) "as of the date on which the process was accepted, refused, or returned as unclaimed". [12]

H.R. 7154 adopts a policy of limiting the time to effect service. It provides that if a summons and complaint have not been served within 120 days of the filing of the complaint and the plaintiff fails to show "good cause" for not completing service within that time, then the court must dismiss the action as to the unserved defendant. H.R. 7154 ensures that a plaintiff will be notified of an attempt to dismiss the action. If dismissal for failure to serve is raised by the court upon its own motion, the legislation requires that the court provide notice to the plaintiff. If dismissal is sought by someone else, Rule 5(a) of the Federal Rules of Civil Procedure requires that the motion be served upon the plaintiff.

Like proposed subsection (j), H.R. 7154 provides that a dismissal for failure to serve within 120 days shall be "without prejudice". Proposed subsection (j) was criticized by some for ambiguity because, it was argued,

neither the text of subsection (j) nor the Advisory Committee Note indicated whether a dismissal without prejudice would toll a statute of limitation. *See* House Report 97–662, at 3–4 (1982). The problem would arise when a plaintiff files the complaint within the applicable statute of limitation period but does not effect service within 120 days. If the statute of limitation period expires during that period, and if the plaintiff's action is dismissed "without prejudice", can the plaintiff refile the complaint and maintain the action? The answer depends upon how the statute of limitation is tolled. [13]

If the law provides that the statute of limitation is tolled by filing and service of the complaint, then a dismissal under H.R. 7154 for failure to serve within the 120 days would, by the terms of the law controlling the tolling, bar the plaintiff from later maintaining the cause of action. [14] If the law provides that the statute of limitation is tolled by filing alone, then the status of the plaintiff's cause of action turns upon the plaintiff's diligence. If the plaintiff has not been diligent, the court will dismiss the complaint for failure to serve within 120 days, and the plaintiff will be barred from later maintaining the cause of action because the statute of limitation has run. A dismissal without prejudice does not confer upon the plaintiff any rights that the plaintiff does not otherwise possess and leaves a plaintiff whose action has been dismissed in the same position as if the action had never been filed. [15] If, on the other hand, the plaintiff has made reasonable efforts to effect service, then the plaintiff can move under Rule 6(b) to enlarge the time within which to serve or can oppose dismissal for failure to serve. A court would undoubtedly permit such a plaintiff additional time within which to effect service. Thus, a diligent plaintiff can preserve the cause of action. This result is consistent with the policy behind the time limit for service and with statutes of limitation, both of which are designed to encourage prompt movement of civil actions in the federal courts.

*6. Conforming and clarifying subsections (d)(4) and (5)*

Current subsections (d)(4) and (5) prescribe which persons must be served in cases where an action is brought against the United States or an officer or agency of the United States. Under subsection (d)(4), where the United States is the named defendant, service must be made as follows: (1) personal service upon the United States attorney, an assistant United States attorney, or a designated clerical employee of the United States attorney in the district in which the action is brought; (2) registered or certified mail service to the Attorney General of the United States in Washington, D.C.; and (3) registered or certified mail service to the appropriate officer or agency if the action attacks an order of that officer or agency but does not name the officer or agency as a defendant. Under subsection (d)(5), where an officer or agency of the United States is named as a defendant, service

must be made as in subsection (d)(4), except that personal service upon the officer or agency involved is required. [16]

The time limit for effecting service in H.R. 7154 would present significant difficulty to a plaintiff who has to arrange for personal service upon an officer or agency that may be thousands of miles away. There is little reason to require different types of service when the officer or agency is named as a party, and H.R. 7154 therefore conforms the manner of service under subsection (d)(5) to the manner of service under subsection (d)(4).

## SECTION-BY-SECTION ANALYSIS

### SECTION 1

Section 1 provides that the short title of the bill is the " Federal Rules of Civil Procedure Amendments Act of 1982".

### SECTION 2

Section 2 of the bill consists of 7 numbered paragraphs, each amending a different part of Rule 4 of the Federal Rules of Civil Procedure.

Paragraph (1) deletes the requirement in present Rule 4(a) that a summons be delivered for service to the marshal or other person authorized to serve it. As amended by the legislation, Rule 4(a) provides that the summons be delivered to "the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and complaint". This change effectuates the policy proposed by the Supreme Court. See Appendix II, at — (Advisory Committee Note).

Paragraph (2) amends current Rule 4(c), which deals with the service of process. New Rule 4(c)(1) requires that all process, other than a subpoena or a summons and complaint, be served by the Marshals Service or by a person especially appointed for that purpose. Thus, the Marshals Service or persons specially appointed will continue to serve all process other than subpoenas and summonses and complaints, a policy identical to that proposed by the Supreme Court. See Appendix II, at 8 (Report of the Judicial Conference Committee on Rules of Practice and Procedure). The service of subpoenas is governed by Rule 45, [17] and the service of summonses and complaints is governed by new Rule 4(c)(2).

New Rule 4(c)(2)(A) sets forth the general rule that summonses and complaints shall be served by someone who is at least 18 years old and not a party to the action or proceeding. This is consistent with the Court's proposal. Appendix II, at 16 (Advisory Committee Note). Subparagraphs (B) and (C) of new Rule 4(c)(2) set forth exceptions to this general rule.

Subparagraph (B) sets forth 3 exceptions to the general rule. First, subparagraph (B)(i) requires the Marshals Service (or someone specially

appointed by the court) to serve summonses and complaints on behalf of a party proceeding in forma pauperis or a seaman authorized to proceed under 28 U.S.C. 1916. This is identical to the Supreme Court's proposal. *See* Appendix II, at 3 (text of proposed rule), 16 (Advisory Committee Note). Second, subparagraph (B)(ii) requires the Marshals Service (or someone specially appointed by the court) to serve a summons and complaint when the court orders the marshals to do so in order properly to effect service in that particular action. [18] This, except for nonsubstantive changes in phrasing, is identical to the Supreme Court's proposal. See Appendix II, at 3 (text of proposed rule), 16 (Advisory Committee Note).

Subparagraph (C) of new Rule 4(c)(2) provides 2 exceptions to the general rule of service by a nonparty adult. These exceptions apply only when the summons and complaint is to be served upon persons described in Rule 4(d)(1) (certain individuals) or Rule 4(d)(3) (organizations). [19] First, subparagraph (C)(i) permits service of a summons and complaint in a manner authorized by the law of the state in which the court sits. This restates the option to follow local law currently found in Rule 4(d)(7) and would authorize service by mail if the state law so allowed. The method of mail service in that instance would, of course, be the method permitted by state law.

Second, subparagraph (C)(ii) permits service of a summons and complaint by regular mail. The sender must send to the defendant, by first-class mail, postage prepaid, a copy of the summons and complaint, together with 2 copies of a notice and acknowledgment of receipt of summons and complaint form and a postage prepaid return envelope addressed to the sender. If a copy of the notice and acknowledgment form is not received by the sender within 20 days after the date of mailing, then service must be made under Rule 4(c)(2)(A) or (B) (i.e., by a nonparty adult or, if the person qualifies, [20] by personnel of the Marshals Service or a person specially appointed by the court) in the manner prescribed by Rule 4(d)(1) or (3) (i.e., personal or substituted service).

New Rule 4(c)(2)(D) permits a court to penalize a person who avoids service by mail. It authorizes the court to order a person who does not return the notice and acknowledgment form within 20 days after mailing to pay the costs of service, unless that person can show good cause for failing to return the form. The purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay. Fairness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense.

Subparagraph (E) of rule 4(c)(2) requires that the notice and acknowledgment form described in new Rule 4(c)(2)(C)(ii) be executed

under oath or affirmation. This provision tracks the language of 28 U.S.C. 1746, which permits the use of unsworn declarations under penalty of perjury whenever an oath or affirmation is required. Statements made under penalty of perjury are subject to 18 U.S,C. 1621(2), which provides felony penalties for someone who "willfully subscribes as true any material matter which he does not believe to be true". The requirement that the form be executed under oath or affirmation is intended to encourage truthful submissions to the court, as the information contained in the form is important to the parties. [21]

New Rule 4(c)(3) authorizes the court freely to make special appointments to serve summonses and complaints under Rule 4(c)(2)(B) and all other process under Rule 4(c)(1). This carries forward the policy of present Rule 4(c).

Paragraph (3) of section 2 of the bill makes a non-substantive change in the caption of Rule 4(d) in order to reflect more accurately the provisions of Rule 4(d). Paragraph (3) also deletes a provision on service of a summons and complaint pursuant to state law. This provision is redundant in view of new Rule 4(c)(2)(C)(i).

Paragraph (4) of section 2 of the bill conforms Rule 4(d)(5) to present Rule 4(d)(4). Rule 4(d)(5) is amended to provide that service upon a named defendant agency or officer of the United States shall be made by "sending" a copy of the summons and complaint "by registered or certified mail" to the defendant. [22] Rule 4(d)(5) currently provides for service by "delivering" the copies to the defendant, but 28 U.S.C. 1391(e) authorizes delivery upon a defendant agency or officer outside of the district in which the action is brought by means of certified mail. Hence, the change is not a marked departure from current practice.

Paragraph (5) of section 2 of the bill amends the caption of Rule 4(e) in order to describe subdivision (e) more accurately.

Paragraph (6) of section 2 of the bill amends Rule 4(g), which deals with return of service. Present rule 4(g) is not changed except to provide that, if service is made pursuant to the new system of mail service (Rule 4(c)(2)(C)(ii)), the plaintiff or the plaintiff's attorney must file with the court the signed acknowledgment form returned by the person served.

Paragraph (7) of section 2 of the bill adds new subsection (j) to provide a time limitation for the service of a summons and complaint. New Rule 4(j) retains the Supreme Court's requirement that a summons and complaint be served within 120 days of the filing of the complaint. See Appendix II, at 18 (Advisory Committee Note). [23] The plaintiff must be notified of an effort or intention to dismiss the action. This notification is mandated by subsection (j) if the dismissal is being raised on the court's own initiative and will be

35

provided pursuant to Rule 5 (which requires service of motions upon the adverse party) if the dismissal is sought by someone else. [24] The plaintiff may move under Rule 6(b) to enlarge the time period. See Appendix II, at 1d. (Advisory Committee Note). If service is not made within the time period or enlarged time period, however, and if the plaintiff fails to show "good cause" for not completing service, then the court must dismiss the action as to the unserved defendant. The dismissal is "without prejudice". The term "without prejudice" means that the dismissal does not constitute an adjudication of the merits of the complaint. A dismissal "without prejudice" leaves a plaintiff whose action has been dismissed in the position in which that person would have been if the action had never been filed.

### SECTION 3

Section 3 of the bill amends the Appendix of Forms at the end of the Federal Rules of Civil Procedure by adding a new form 18A, "Notice and Acknowledgment for Service by Mail". This new form is required by new Rule 4(c)(2)(C)(ii), which requires that the notice and acknowledgment form used with service by regular mail conform substantially to Form 18A.

Form 18A as set forth in section 3 of the bill is modeled upon a form used in California. [25] It contains 2 parts. The first part is a notice to the person being served that tells that person that the enclosed summons and complaint is being served pursuant to Rule 4(c)(2)(C)(ii); advises that person to sign and date the acknowledgment form and indicate the authority to receive service if the person served is not the party to the action (e.g., the person served is an officer of the organization being served); and warns that failure to return the form to the sender within 20 days may result in the court ordering the party being served to pay the expenses involved in effecting service. The notice also warns that if the complaint is not responded to within 20 days, a default judgment can be entered against the party being served. The notice is dated under penalty of perjury by the plaintiff or the plaintiff's attorney. [26]

The second part of the form contains the acknowledgment of receipt of the summons and complaint. The person served must declare on this part of the form, under penalty of perjury, the date and place of service and the person's authority to receive service.

### SECTION 4

Section 4 of the bill provides that the changes in Rule 4 made by H.R. 7154 will take effect 45 days after enactment, thereby giving the bench and bar, as well as other interested persons and organizations (such as the Marshals Service), an opportunity to prepare to implement the changes made by the legislation. The delayed effective date means that service of process issued before the effective date will be made in accordance with

current Rule 4. Accordingly, all process in the hands of the Marshals Service prior to the effective date will be served by the Marshals Service under the present rule.

### SECTION 5

Section 5 of the bill provides that the amendments to Rule 4 proposed by the Supreme Court (whose effective date was postponed by Public Law 97–227) shall not take effect. This is necessary because under Public Law 97–227 the proposed amendments will take effect on October 1, 1983.

_____

[1] The drafting of the rules and amendments is actually done by a committee of the Judicial Conference of the United States. In the case of the Federal Rules of Civil Procedure, the initial draft is prepared by the Advisory Committee on Civil Rules. The Advisory Committee's draft is then reviewed by the Committee on Rules of Practice and Procedure, which must give its approval to the draft. Any draft approved by that committee is forwarded to the Judicial Conference. If the Judicial Conference approves the draft, it forwards the draft to the Supreme Court. The Judicial Conference's role in the rule-making process is defined by 28 U.S.C. 331.

For background information about how the Judicial Conference committees operate, see Wright, "Procedural Reform: Its Limitation and Its Future," 1 Ga.L.Rev. 563, 565–66 (1967) (civil rules); statement of United States District Judge Roszel C. Thomsen, Hearings on Proposed Amendments to the Federal Rules of Criminal Procedure Before the Subcommittee on Criminal Justice of the House Committee on the Judiciary, 93d Cong., 2d Sess. at 25 (1974) (criminal rules); statement of United States Circuit Judge J. Edward Lumbard, id. at 203 (criminal rules); J. Weinstein, Reform of Federal Court Rulemaking Procedure (1977); Weinstein, "Reform of Federal Rulemaking Procedures," 76 Colum.L.Rev. 905 (1976).

[2] All of the other amendments, including all of the proposed amendments to the Federal Rules of Criminal Procedure and the Rules and Forms Governing Proceedings in the United States District Courts under sections 2254 and 2255 of Title 28, United States Code, took effect on August 1, 1982, as scheduled.

[3] The President has urged Congress to act promptly. See President's Statement on Signing H.R. 6663 into Law, 18 Weekly Comp. of Pres. Doc. 982 (August 2, 1982).

[4] Where service of a summons is to be made upon a party who is neither an inhabitant of, nor found within, the state where the district court sits, subsection (e) authorizes service under a state statute or rule of court that

provides for service upon such a party. This would authorize mail service if the state statute or rule of court provided for service by mail.

[5] The Court's proposal authorized service by the Marshals Service in other situations. This authority, however, was not seen as thwarting the underlying policy of limiting the use of marshals. *See* Appendix II, at 16, 17 (Advisory Committee Note).

[6] Appendix I, at 2 (letter of Assistant Attorney General Robert A. McConnell).

[7] The provisions of H.R. 7154 conflict with 28 U.S.C. 569(b) because the latter is a broader command to marshals to serve all federal court process. As a later statutory enactment, however, H.R. 7154 supersedes 28 U.S.C. 569(b), thereby achieving the goal of reducing the role of marshals.

[8] Proposed Rule 4(d)(8) provided that "Service . . . shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant." This provision reflects a desire to preclude default judgments on unclaimed mail. See Appendix II, at 7 (Report of the Committee on Rules of Practice and Procedure).

The interpretation of Rule 4(d)(8) to require a refusal of delivery in order to have a basis for a default judgment, while undoubtedly the interpretation intended and the interpretation that reaches the fairest result, may not be the only possible interpretation. Since a default judgment can be entered for defendant's failure to respond to the complaint once defendant has been served and the time to answer the complaint has run, it can be argued that a default judgment can be obtained where the mail was unclaimed because proposed subsection (j), which authorized dismissal of a complaint not served within 120 days, provided that mail service would be deemed made "on the date on which the process was accepted, refused, or *returned as unclaimed* " (emphasis added).

[9] See p. 15 infra.

[10] Proponents of the California system of mail service, in particular, saw no reason to supplant California's proven method of mail service with a certified mail service that they believed likely to result in default judgments without actual notice to defendants. See House Report No. 97–662, at 3 (1982).

[11] The parties may, of course, stipulate to service, as is frequently done now.

[12] While return of the letter as unclaimed was deemed service for the purpose of determining whether the plaintiff's action could be dismissed, return of the letter as unclaimed was not service for the purpose of entry of a default judgment against the defendant. See note 8 supra.

[13] The law governing the tolling of a statute of limitation depends upon the type of civil action involved. In adversity action, state law governs tolling. *Walker v. Armco Steel Corp*., 446 U.S. 740 (1980). In *Walker*, plaintiff had filed his complaint and thereby commenced the action under Rule 3 of the Federal Rules of Civil Procedure within the statutory period. He did not, however, serve the summons and complaint until after the statutory period had run. The Court held that state law (which required both filing and service within the statutory period) governed, barring plaintiff's action.

In the federal question action, the courts of appeals have generally held that Rule 3 governs, so that the filing of the complaint tolls a statute of limitation. *United States v. Wahl*, 538 F.2d 285 (6th Cir. 1978); *Windbrooke Dev. Co. v. Environmental Enterprises Inc. of Fla*., 524 F.2d 461 (5th Cir. 1975); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300 (10th Cir. 1971); *Moore Co. v. Sid Richardson Carbon & Gasoline Co*., 347 F.2d 921 (8th Cir.), cert. denied, 383 U.S. 925, reh. denied, 384 U.S. 914 (1965); *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959). The continued validity of this line of cases, however, must be questioned in light of the *Walker* case, even though the Court in that case expressly reserved judgment about federal question actions, *see Walker v. Armco Steel Corp*., 446 U.S. 741, 751 n.11 (1980).

[14] The same result obtains even if service occurs within the 120 day period, if the service occurs after the statute of limitation has run.

[15] See p. 19 infra.

[16] See p. 17 infra.

[17] Rule 45(c) provides that "A subpoena may be served by the marshal, by his deputy, or by any other person who is not a party and is not less than 18 years of age."

[18] Some litigators have voiced concern that there may be situations in which personal service by someone other than a member of the Marshals Service may present a risk of injury to the person attempting to make the service. For example, a hostile defendant may have a history of injuring persons attempting to serve process. Federal judges undoubtedly will consider the risk of harm to private persons who would be making personal service when deciding whether to order the Marshals Service to make service under Rule 4(c)(2)(B)(iii).

[19] The methods of service authorized by Rule 4(c)(2)(C) may be invoked by any person seeking to effect service. Thus, a nonparty adult who receives the summons and complaint for service under Rule 4(c)(1) may serve them personally or by mail in the manner authorized by Rule 4(c)(2)(C)(ii).

[Type here]

Similarly, the Marshals Service may utilize the mail service authorized by Rule 4(c)(2)(C)(ii) when serving a summons and complaint under Rule 4(c)(2)(B)(i)(iii). When serving a summons and complaint under Rule 4(c)(2)(B)(ii), however, the Marshals Service must serve in the manner set forth in the court's order. If no particular manner of service is specified, then the Marshals Service may utilize Rule 4(c)(2)(C)(ii). It would not seem to be appropriate, however, for the Marshals Service to utilize Rule 4(c)(2)(C)(ii) in a situation where a previous attempt to serve by mail failed. Thus, it would not seem to be appropriate for the Marshals Service to attempt service by regular mail when serving a summons and complaint on behalf of a plaintiff who is proceeding in forma pauperis if that plaintiff previously attempted unsuccessfully to serve the defendant by mail.

[20] To obtain service by personnel of the Marshals Service or someone specially appointed by the court, a plaintiff who has unsuccessfully attempted mail service under Rule 4(c)(2)(C)(ii) must meet the conditions of Rule 4(c)(2)(B)—for example, the plaintiff must be proceeding *in forma pauperis.*

[21] For example, the sender must state the date of mailing on the form. If the form is not returned to the sender within 20 days of that date, then the plaintiff must serve the defendant in another manner and the defendant may be liable for the costs of such service. Thus, a defendant would suffer the consequences of a misstatement about the date of mailing.

[22] See p. 12 supra.

[23] The 120 day period begins to run upon the filing of each complaint. Thus, where a defendant files a cross-claim against the plaintiff, the 120 day period begins to run upon the filing of the cross-complaint, not upon the filing of the plaintiff's complaint initiating the action.

[24] The person who may move to dismiss can be the putative defendant (i.e., the person named as defendant in the complaint filed with the court) or, in multi-party actions, another party to the action. (If the putative defendant moves to dismiss and the failure to effect service is due to that person's evasion of service, a court should not dismiss because the plaintiff has "good cause" for not completing service.)

[25] See Cal. Civ. Pro. §415.30 (West 1973).

[26] See p. 16 supra.

### NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

The amendments are technical. No substantive change is intended.

### NOTES OF ADVISORY COMMITTEE ON RULES—1993 AMENDMENT

[Type here]

Purposes of Revision. The general purpose of this revision is to facilitate the service of the summons and complaint. The revised rule explicitly authorizes a means for service of the summons and complaint on any defendant. While the methods of service so authorized always provide appropriate notice to persons against whom claims are made, effective service under this rule does not assure that personal jurisdiction has been established over the defendant served.

First, the revised rule authorizes the use of any means of service provided by the law not only of the forum state, but also of the state in which a defendant is served, unless the defendant is a minor or incompetent.

Second, the revised rule clarifies and enhances the cost-saving practice of securing the assent of the defendant to dispense with actual service of the summons and complaint. This practice was introduced to the rule in 1983 by an act of Congress authorizing "service-by-mail," a procedure that effects economic service with cooperation of the defendant. Defendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs. This provision is made available in actions against defendants who cannot be served in the districts in which the actions are brought.

Third, the revision reduces the hazard of commencing an action against the United States or its officers, agencies, and corporations. A party failing to effect service on all the offices of the United States as required by the rule is assured adequate time to cure defects in service.

Fourth, the revision calls attention to the important effect of the Hague Convention and other treaties bearing on service of documents in foreign countries and favors the use of internationally agreed means of service. In some respects, these treaties have facilitated service in foreign countries but are not fully known to the bar.

Finally, the revised rule extends the reach of federal courts to impose jurisdiction over the person of all defendants against whom federal law claims are made and who can be constitutionally subjected to the jurisdiction of the courts of the United States. The present territorial limits on the effectiveness of service to subject a defendant to the jurisdiction of the court over the defendant's person are retained for all actions in which there is a state in which personal jurisdiction can be asserted consistently with state law and the Fourteenth Amendment. A new provision enables district courts to exercise jurisdiction, if permissible under the Constitution and not precluded by statute, when a federal claim is made against a defendant not subject to the jurisdiction of any single state.

The revised rule is reorganized to make its provisions more accessible to those not familiar with all of them. Additional subdivisions in this rule allow for more captions; several overlaps among subdivisions are eliminated; and several disconnected provisions are removed, to be relocated in a new Rule 4.1.

*The Caption of the Rule*. Prior to this revision, Rule 4 was entitled "Process" and applied to the service of not only the summons but also other process as well, although these are not covered by the revised rule. Service of process in eminent domain proceedings is governed by Rule 71A. Service of a subpoena is governed by Rule 45, and service of papers such as orders, motions, notices, pleadings, and other documents is governed by Rule 5.

The revised rule is entitled "Summons" and applies only to that form of legal process. Unless service of the summons is waived, a summons must be served whenever a person is joined as a party against whom a claim is made. Those few provisions of the former rule which relate specifically to service of process other than a summons are relocated in Rule 4.1 in order to simplify the text of this rule.

*Subdivision (a)*. Revised subdivision (a) contains most of the language of the former subdivision (b). The second sentence of the former subdivision (b) has been stricken, so that the federal court summons will be the same in all cases. Few states now employ distinctive requirements of form for a summons and the applicability of such a requirement in federal court can only serve as a trap for an unwary party or attorney. A sentence is added to this subdivision authorizing an amendment of a summons. This sentence replaces the rarely used former subdivision 4(h). *See* 4A Wright & Miller, *Federal Practice and Procedure* §1131 (2d ed. 1987).

*Subdivision (b)*. Revised subdivision (b) replaces the former subdivision (a). The revised text makes clear that the responsibility for filling in the summons falls on the plaintiff, not the clerk of the court. If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified.

*Subdivision (c)*. Paragraph (1) of revised subdivision (c) retains language from the former subdivision (d)(1). Paragraph (2) retains language from the former subdivision (a), and adds an appropriate caution regarding the time limit for service set forth in subdivision (m).

The 1983 revision of Rule 4 relieved the marshals' offices of much of the burden of serving the summons. Subdivision (c) eliminates the requirement for service by the marshal's office in actions in which the party seeking service is the United States. The United States, like other civil litigants, is

[Type here]

now permitted to designate any person who is 18 years of age and not a party to serve its summons.

The court remains obligated to appoint a marshal, a deputy, or some other person to effect service of a summons in two classes of cases specified by statute: actions brought *in forma pauperis* or by a seaman. 28 U.S.C. §§1915, 1916. The court also retains discretion to appoint a process server on motion of a party. If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service. The Department of Justice may also call upon the Marshals Service to perform services in actions brought by the United States. 28 U.S.C. §651.

*Subdivision (d)*. This text is new, but is substantially derived from the former subdivisions (c)(2)(C) and (D), added to the rule by Congress in 1983. The aims of the provision are to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel. The rule operates to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed. This device is useful in dealing with defendants who are furtive, who reside in places not easily reached by process servers, or who are outside the United States and can be served only at substantial and unnecessary expense. Illustratively, there is no useful purpose achieved by requiring a plaintiff to comply with all the formalities of service in a foreign country, including costs of translation, when suing a defendant manufacturer, fluent in English, whose products are widely distributed in the United States. *See Bankston v. Toyota Motor Corp.*, 889 F.2d 172 (8th Cir. 1989).

The former text described this process as service-by-mail. This language misled some plaintiffs into thinking that service could be effected by mail without the affirmative cooperation of the defendant. *E.g., Gulley v. Mayo Foundation*, 886 F.2d 161 (8th Cir. 1989). It is more accurate to describe the communication sent to the defendant as a request for a waiver of formal service.

The request for waiver of service may be sent only to defendants subject to service under subdivision (e), (f), or (h). The United States is not expected to waive service for the reason that its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice. The same principle is applied to agencies, corporations, and officers of the United States and to other governments and entities subject to service under subdivision (j). Moreover, there are policy reasons why governmental entities should not be confronted with the potential for bearing costs of service in cases in which they ultimately prevail. Infants or incompetent persons likewise are not called

[Type here]

upon to waive service because, due to their presumed inability to understand the request and its consequences, they must generally be served through fiduciaries.

It was unclear whether the former rule authorized mailing of a request for "acknowledgement of service" to defendants outside the forum state. *See* 1 R. Casad, *Jurisdiction in Civil Actions* (2d Ed.) 5–29, 30 (1991) and cases cited. But, as Professor Casad observed, there was no reason not to employ this device in an effort to obtain service outside the state, and there are many instances in which it was in fact so used, with respect both to defendants within the United States and to defendants in other countries.

The opportunity for waiver has distinct advantages to a foreign defendant. By waiving service, the defendant can reduce the costs that may ultimately be taxed against it if unsuccessful in the lawsuit, including the sometimes substantial expense of translation that may be wholly unnecessary for defendants fluent in English. Moreover, a foreign defendant that waives service is afforded substantially more time to defend against the action than if it had been formally served: under Rule 12, a defendant ordinarily has only 20 days after service in which to file its answer or raise objections by motion, but by signing a waiver it is allowed 90 days after the date the request for waiver was mailed in which to submit its defenses. Because of the additional time needed for mailing and the unreliability of some foreign mail services, a period of 60 days (rather than the 30 days required for domestic transmissions) is provided for a return of a waiver sent to a foreign country.

It is hoped that, since transmission of the notice and waiver forms is a private nonjudicial act, does not purport to effect service, and is not accompanied by any summons or directive from a court, use of the procedure will not offend foreign sovereignties, even those that have withheld their assent to formal service by mail or have objected to the "service-by-mail" provisions of the former rule. Unless the addressee consents, receipt of the request under the revised rule does not give rise to any obligation to answer the lawsuit, does not provide a basis for default judgment, and does not suspend the statute of limitations in those states where the period continues to run until service. Nor are there any adverse consequences to a foreign defendant, since the provisions for shifting the expense of service to a defendant that declines to waive service apply only if the plaintiff and defendant are both located in the United States.

With respect to a defendant located in a foreign country like the United Kingdom, which accepts documents in English, whose Central Authority acts promptly in effecting service, and whose policies discourage its residents from waiving formal service, there will be little reason for a plaintiff to send the notice and request under subdivision (d) rather than use convention

44

methods. On the other hand, the procedure offers significant potential benefits to a plaintiff when suing a defendant that, though fluent in English, is located in a country where, as a condition to formal service under a convention, documents must be translated into another language or where formal service will be otherwise costly or time-consuming.

Paragraph (1) is explicit that a timely waiver of service of a summons does not prejudice the right of a defendant to object by means of a motion authorized by Rule 12(b)(2) to the absence of jurisdiction over the defendant's person, or to assert other defenses that may be available. The only issues eliminated are those involving the sufficiency of the summons or the sufficiency of the method by which it is served.

Paragraph (2) states what the present rule implies: the defendant has a duty to avoid costs associated with the service of a summons not needed to inform the defendant regarding the commencement of an action. The text of the rule also sets forth the requirements for a Notice and Request for Waiver sufficient to put the cost-shifting provision in place. These requirements are illustrated in Forms 1A and 1B, which replace the former Form 18–A.

Paragraph (2)(A) is explicit that a request for waiver of service by a corporate defendant must be addressed to a person qualified to receive service. The general mail rooms of large organizations cannot be required to identify the appropriate individual recipient for an institutional summons.

Paragraph (2)(B) permits the use of alternatives to the United States mails in sending the Notice and Request. While private messenger services or electronic communications may be more expensive than the mail, they may be equally reliable and on occasion more convenient to the parties. Especially with respect to transmissions to foreign countries, alternative means may be desirable, for in some countries facsimile transmission is the most efficient and economical means of communication. If electronic means such as facsimile transmission are employed, the sender should maintain a record of the transmission to assure proof of transmission if receipt is denied, but a party receiving such a transmission has a duty to cooperate and cannot avoid liability for the resulting cost of formal service if the transmission is prevented at the point of receipt.

A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare. It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction. Sufficient cause not to shift the cost of service would exist, however, if the defendant did not receive the request or was insufficiently literate in English to understand it. It should be noted that the provisions for shifting the cost of service apply only if the plaintiff and the defendant are both located in the United States, and

[Type here]

accordingly a foreign defendant need not show "good cause" for its failure to waive service.

Paragraph (3) extends the time for answer if, before being served with process, the defendant waives formal service. The extension is intended to serve as an inducement to waive service and to assure that a defendant will not gain any delay by declining to waive service and thereby causing the additional time needed to effect service. By waiving service, a defendant is not called upon to respond to the complaint until 60 days from the date the notice was sent to it—90 days if the notice was sent to a foreign country—rather than within the 20 day period from date of service specified in Rule 12.

Paragraph (4) clarifies the effective date of service when service is waived; the provision is needed to resolve an issue arising when applicable law requires service of process to toll the statute of limitations. *E.g., Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir. 1984). *Cf. Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980).

The provisions in former subdivision (c)(2)(C)(ii) of this rule may have been misleading to some parties. Some plaintiffs, not reading the rule carefully, supposed that receipt by the defendant of the mailed complaint had the effect both of establishing the jurisdiction of the court over the defendant's person and of tolling the statute of limitations in actions in which service of the summons is required to toll the limitations period. The revised rule is clear that, if the waiver is not returned and filed, the limitations period under such a law is not tolled and the action will not otherwise proceed until formal service of process is effected.

Some state limitations laws may toll an otherwise applicable statute at the time when the defendant receives notice of the action. Nevertheless, the device of requested waiver of service is not suitable if a limitations period which is about to expire is not tolled by filing the action. Unless there is ample time, the plaintiff should proceed directly to the formal methods for service identified in subdivisions (e), (f), or (h).

The procedure of requesting waiver of service should also not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned. While a plaintiff has been allowed additional time for service in that situation, *e.g., Prather v. Raymond Constr. Co.*, 570 F. Supp. 278 (N.D. Ga. 1983), the court could refuse a request for additional time unless the defendant appears to have evaded service pursuant to subdivision (e) or (h). It may be noted that the presumptive time limit for service under subdivision (m) does not apply to service in a foreign country.

Paragraph (5) is a cost-shifting provision retained from the former rule. The costs that may be imposed on the defendant could include, for example, the cost of the time of a process server required to make contact with a defendant residing in a guarded apartment house or residential development. The paragraph is explicit that the costs of enforcing the cost-shifting provision are themselves recoverable from a defendant who fails to return the waiver. In the absence of such a provision, the purpose of the rule would be frustrated by the cost of its enforcement, which is likely to be high in relation to the small benefit secured by the plaintiff.

Some plaintiffs may send a notice and request for waiver and, without waiting for return of the waiver, also proceed with efforts to effect formal service on the defendant. To discourage this practice, the cost-shifting provisions in paragraphs (2) and (5) are limited to costs of effecting service incurred after the time expires for the defendant to return the waiver. Moreover, by returning the waiver within the time allowed and before being served with process, a defendant receives the benefit of the longer period for responding to the complaint afforded for waivers under paragraph (3).

*Subdivision (e)*. This subdivision replaces former subdivisions (c)(2)(C)(i) and (d)(1). It provides a means for service of summons on individuals within a judicial district of the United States. Together with subdivision (f), it provides for service on persons anywhere, subject to constitutional and statutory constraints.

Service of the summons under this subdivision does not conclusively establish the jurisdiction of the court over the person of the defendant. A defendant may assert the territorial limits of the court's reach set forth in subdivision (k), including the constitutional limitations that may be imposed by the Due Process Clause of the Fifth Amendment.

Paragraph (1) authorizes service in any judicial district in conformity with state law. This paragraph sets forth the language of former subdivision (c)(2)(C)(i), which authorized the use of the law of the state in which the district court sits, but adds as an alternative the use of the law of the state in which the service is effected.

Paragraph (2) retains the text of the former subdivision (d)(1) and authorizes the use of the familiar methods of personal or abode service or service on an authorized agent in any judicial district.

To conform to these provisions, the former subdivision (e) bearing on proceedings against parties not found within the state is stricken. Likewise stricken is the first sentence of the former subdivision (f), which had restricted the authority of the federal process server to the state in which the district court sits.

[Type here]

*Subdivision (f)*. This subdivision provides for service on individuals who are in a foreign country, replacing the former subdivision (i) that was added to Rule 4 in 1963. Reflecting the pattern of Rule 4 in incorporating state law limitations on the exercise of jurisdiction over persons, the former subdivision (i) limited service outside the United States to cases in which extraterritorial service was authorized by state or federal law. The new rule eliminates the requirement of explicit authorization. On occasion, service in a foreign country was held to be improper for lack of statutory authority. *E.g., Martens v. Winder*, 341 F.2d 197 (9th Cir.), *cert. denied*, 382 U.S. 937 (1965). This authority, however, was found to exist by implication. *E.g., SEC v. VTR, Inc.*, 39 F.R.D. 19 (S.D.N.Y. 1966). Given the substantial increase in the number of international transactions and events that are the subject of litigation in federal courts, it is appropriate to infer a general legislative authority to effect service on defendants in a foreign country.

A secondary effect of this provision for foreign service of a federal summons is to facilitate the use of federal long-arm law in actions brought to enforce the federal law against defendants who cannot be served under any state law but who can be constitutionally subjected to the jurisdiction of the federal court. Such a provision is set forth in paragraph (2) of subdivision (k) of this rule, applicable only to persons not subject to the territorial jurisdiction of any particular state.

Paragraph (1) gives effect to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, which entered into force for the United States on February 10, 1969. See 28 U.S.C.A., Fed.R.Civ.P. 4 (Supp. 1986). This Convention is an important means of dealing with problems of service in a foreign country. *See generally* 1 B. Ristau, *International Judicial Assistance* §§4–1–1 to 4–5–2 (1990). Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) (noting that voluntary use of these procedures may be desirable even when service could constitutionally be effected in another manner); J. Weis, *The Federal Rules and the Hague Conventions: Concerns of Conformity and Comity*, 50 *U. Pitt. L. Rev*. 903 (1989). Therefore, this paragraph provides that, when service is to be effected outside a judicial district of the United States, the methods of service appropriate under an applicable treaty shall be employed if available and if the treaty so requires.

The Hague Convention furnishes safeguards against the abridgment of rights of parties through inadequate notice. Article 15 provides for verification of actual notice or a demonstration that process was served by a method prescribed by the internal laws of the foreign state before a default judgment may be entered. Article 16 of the Convention also enables the

judge to extend the time for appeal after judgment if the defendant shows a lack of adequate notice either to defend or to appeal the judgment, or has disclosed a prima facie case on the merits.

The Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, but Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months. Generally, a Central Authority can be expected to respond much more quickly than that limit might permit, but there have been occasions when the signatory state was dilatory or refused to cooperate for substantive reasons. In such cases, resort may be had to the provision set forth in subdivision (f)(3).

Two minor changes in the text reflect the Hague Convention. First, the term "letter of request" has been added. Although these words are synonymous with "letter rogatory," "letter of request" is preferred in modern usage. The provision should not be interpreted to authorize use of a letter of request when there is in fact no treaty obligation on the receiving country to honor such a request from this country or when the United States does not extend diplomatic recognition to the foreign nation. Second, the passage formerly found in subdivision (i)(1)(B), "when service in either case is reasonably calculated to give actual notice," has been relocated.

Paragraph (2) provides alternative methods for use when internationally agreed methods are not intended to be exclusive, or where there is no international agreement applicable. It contains most of the language formerly set forth in subdivision (i) of the rule. Service by methods that would violate foreign law is not generally authorized. Subparagraphs (A) and (B) prescribe the more appropriate methods for conforming to local practice or using a local authority. Subparagraph (C) prescribes other methods authorized by the former rule.

Paragraph (3) authorizes the court to approve other methods of service not prohibited by international agreements. The Hague Convention, for example, authorizes special forms of service in cases of urgency if convention methods will not permit service within the time required by the circumstances. Other circumstances that might justify the use of additional methods include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention, or the refusal of the Central Authority to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States. In such cases, the court may direct a special method of service not explicitly authorized by international agreement if not prohibited by the agreement. Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law. A court may in some

instances specially authorize use of ordinary mail. *Cf. Levin v. Ruby Trading Corp.*, 248 F. Supp. 537 (S.D.N.Y. 1965).

*Subdivision (g)*. This subdivision retains the text of former subdivision (d)(2). Provision is made for service upon an infant or incompetent person in a foreign country.

*Subdivision (h)*. This subdivision retains the text of former subdivision (d)(3), with changes reflecting those made in subdivision (e). It also contains the provisions for service on a corporation or association in a foreign country, as formerly found in subdivision (i).

Frequent use should be made of the Notice and Request procedure set forth in subdivision (d) in actions against corporations. Care must be taken, however, to address the request to an individual officer or authorized agent of the corporation. It is not effective use of the Notice and Request procedure if the mail is sent undirected to the mail room of the organization.

*Subdivision (i)*. This subdivision retains much of the text of former subdivisions (d)(4) and (d)(5). Paragraph (1) provides for service of a summons on the United States; it amends former subdivision (d)(4) to permit the United States attorney to be served by registered or certified mail. The rule does not authorize the use of the Notice and Request procedure of revised subdivision (d) when the United States is the defendant. To assure proper handling of mail in the United States attorney's office, the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States attorney.

Paragraph (2) replaces former subdivision (d)(5). Paragraph (3) saves the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service under this subdivision. That risk has proved to be more than nominal. *E.g., Whale v. United States*, 792 F.2d 951 (9th Cir. 1986). This provision should be read in connection with the provisions of subdivision (c) of Rule 15 to preclude the loss of substantive rights against the United States or its agencies, corporations, or officers resulting from a plaintiff's failure to correctly identify and serve all the persons who should be named or served.

*Subdivision (j)*. This subdivision retains the text of former subdivision (d)(6) without material change. The waiver-of-service provision is also inapplicable to actions against governments subject to service pursuant to this subdivision.

The revision adds a new paragraph (1) referring to the statute governing service of a summons on a foreign state and its political subdivisions, agencies, and instrumentalities, the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §1608. The caption of the subdivision reflects that change.

50

*Subdivision (k)*. This subdivision replaces the former subdivision (f), with no change in the title. Paragraph (1) retains the substance of the former rule in explicitly authorizing the exercise of personal jurisdiction over persons who can be reached under state long-arm law, the "100-mile bulge" provision added in 1963, or the federal interpleader act. Paragraph (1)(D) is new, but merely calls attention to federal legislation that may provide for nationwide or even world-wide service of process in cases arising under particular federal laws. Congress has provided for nationwide service of process and full exercise of territorial jurisdiction by all district courts with respect to specified federal actions. *See* 1 R. Casad, *Jurisdiction in Civil Actions* (2d Ed.) chap. 5 (1991).

Paragraph (2) is new. It authorizes the exercise of territorial jurisdiction over the person of any defendant against whom is made a claim arising under any federal law if that person is subject to personal jurisdiction in no state. This addition is a companion to the amendments made in revised subdivisions (e) and (f).

This paragraph corrects a gap in the enforcement of federal law. Under the former rule, a problem was presented when the defendant was a non-resident of the United States having contacts with the United States sufficient to justify the application of United States law and to satisfy federal standards of forum selection, but having insufficient contact with any single state to support jurisdiction under state long-arm legislation or meet the requirements of the Fourteenth Amendment limitation on state court territorial jurisdiction. In such cases, the defendant was shielded from the enforcement of federal law by the fortuity of a favorable limitation on the power of state courts, which was incorporated into the federal practice by the former rule. In this respect, the revision responds to the suggestion of the Supreme Court made in *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 111 (1987).

There remain constitutional limitations on the exercise of territorial jurisdiction by federal courts over persons outside the United States. These restrictions arise from the Fifth Amendment rather than from the Fourteenth Amendment, which limits state-court reach and which was incorporated into federal practice by the reference to state law in the text of the former subdivision (e) that is deleted by this revision. The Fifth Amendment requires that any defendant have affiliating contacts with the United States sufficient to justify the exercise of personal jurisdiction over that party. *Cf. Wells Fargo & Co. v. Wells Fargo Express Co*., 556 F.2d 406, 418 (9th Cir. 1977). There also may be a further Fifth Amendment constraint in that a plaintiff's forum selection might be so inconvenient to a defendant that it would be a denial of "fair play and substantial justice" required by the due process clause, even though the defendant had significant affiliating contacts

[Type here]

with the United States. *See DeJames v. Magnificent Carriers*, 654 F.2d 280, 286 n.3 (3rd Cir.), *cert. denied*, 454 U.S. 1085 (1981). *Compare World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293 –294 (1980); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 – 03 (1982); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 –78 (1985); *Asahi Metal Indus. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 108 –13 (1987). *See generally* R. Lusardi, *Nationwide Service of Process: Due Process Limitations on the Power of the Sovereign*, 33 *Vill. L. Rev*. 1 (1988).

This provision does not affect the operation of federal venue legislation. *See generally* 28 U.S.C. §1391. Nor does it affect the operation of federal law providing for the change of venue. 28 U.S.C. §§1404, 1406. The availability of transfer for fairness and convenience under §1404 should preclude most conflicts between the full exercise of territorial jurisdiction permitted by this rule and the Fifth Amendment requirement of "fair play and substantial justice."

The district court should be especially scrupulous to protect aliens who reside in a foreign country from forum selections so onerous that injustice could result. "[G]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 115 (1987), quoting *United States v. First Nat'l City Bank*, 379 U.S. 378, 404 (1965) (Harlan, J., dissenting).

This narrow extension of the federal reach applies only if a claim is made against the defendant under federal law. It does not establish personal jurisdiction if the only claims are those arising under state law or the law of another country, even though there might be diversity or alienage subject matter jurisdiction as to such claims. If, however, personal jurisdiction is established under this paragraph with respect to a federal claim, then 28 U.S.C. §1367(a) provides supplemental jurisdiction over related claims against that defendant, subject to the court's discretion to decline exercise of that jurisdiction under 28 U.S.C. §1367(c).

*Subdivision (l)*. This subdivision assembles in one place all the provisions of the present rule bearing on proof of service. No material change in the rule is effected. The provision that proof of service can be amended by leave of court is retained from the former subdivision (h). *See generally* 4A Wright & Miller, *Federal Practice and Procedure* §1132 (2d ed. 1987).

*Subdivision (m)*. This subdivision retains much of the language of the present subdivision (j).

The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the

prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. *E.g., Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987). A specific instance of good cause is set forth in paragraph (3) of this rule, which provides for extensions if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations. The district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition. *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir. 1989).

The 1983 revision of this subdivision referred to the "party on whose behalf such service was required," rather than to the "plaintiff," a term used generically elsewhere in this rule to refer to any party initiating a claim against a person who is not a party to the action. To simplify the text, the revision returns to the usual practice in the rule of referring simply to the plaintiff even though its principles apply with equal force to defendants who may assert claims against non-parties under Rules 13(h), 14, 19, 20, or 21.

*Subdivision (n)*. This subdivision provides for in rem and quasi-in-rem jurisdiction. Paragraph (1) incorporates any requirements of 28 U.S.C. §1655 or similar provisions bearing on seizures or liens.

Paragraph (2) provides for other uses of quasi-in-rem jurisdiction but limits its use to exigent circumstances. Provisional remedies may be employed as a means to secure jurisdiction over the property of a defendant whose person is not within reach of the court, but occasions for the use of this provision should be rare, as where the defendant is a fugitive or assets are in imminent danger of disappearing. Until 1963, it was not possible under Rule 4 to assert jurisdiction in a federal court over the property of a defendant not personally served. The 1963 amendment to subdivision (e) authorized the use of state law procedures authorizing seizures of assets as a basis for jurisdiction. Given the liberal availability of long-arm jurisdiction, the exercise of power quasi-in-rem has become almost an anachronism. Circumstances too spare to affiliate the defendant to the forum state sufficiently to support long-arm jurisdiction over the defendant's person are also inadequate to support seizure of the defendant's assets fortuitously found within the state. *Shaffer v. Heitner*, 433 U.S. 186 (1977).

### COMMITTEE NOTES ON RULES—2000 AMENDMENT

Paragraph (2)(B) is added to Rule 4(i) to require service on the United States when a United States officer or employee is sued in an individual capacity for acts or omissions occurring in connection with duties performed on behalf of the United States. Decided cases provide uncertain guidance on the question whether the United States must be served in such actions. *See Vaccaro v. Dobre*, 81 F.3d 854, 856–857 (9th Cir. 1996); *Armstrong v. Sears*, 33 F.3d 182, 185–187 (2d Cir. 1994); *Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988); *Light v. Wolf*, 816 F.2d 746 (D.C. Cir. 1987); *see also Simpkins v. District of Columbia*, 108 F.3d 366, 368–369 (D.C. Cir. 1997). Service on the United States will help to protect the interest of the individual defendant in securing representation by the United States, and will expedite the process of determining whether the United States will provide representation. It has been understood that the individual defendant must be served as an individual defendant, a requirement that is made explicit. Invocation of the individual service provisions of subdivisions (e), (f), and (g) invokes also the waiver-of-service provisions of subdivision (d).

Paragraph 2(B) reaches service when an officer or employee of the United States is sued in an individual capacity "for acts or omissions occurring in connection with the performance of duties on behalf of the United States." This phrase has been chosen as a functional phrase that can be applied without the occasionally distracting associations of such phrases as "scope of employment," "color of office," or "arising out of the employment." Many actions are brought against individual federal officers or employees of the United States for acts or omissions that have no connection whatever to their governmental roles. There is no reason to require service on the United States in these actions. The connection to federal employment that requires service on the United States must be determined as a practical matter, considering whether the individual defendant has reasonable grounds to look to the United States for assistance and whether the United States has reasonable grounds for demanding formal notice of the action.

An action against a former officer or employee of the United States is covered by paragraph (2)(B) in the same way as an action against a present officer or employee. Termination of the relationship between the individual defendant and the United States does not reduce the need to serve the United States.

Paragraph (3) is amended to ensure that failure to serve the United States in an action governed by paragraph 2(B) does not defeat an action. This protection is adopted because there will be cases in which the plaintiff reasonably fails to appreciate the need to serve the United States. There is no requirement, however, that the plaintiff show that the failure to serve the United States was reasonable. A reasonable time to effect service on the

United States must be allowed after the failure is pointed out. An additional change ensures that if the United States or United States attorney is served in an action governed by paragraph 2(A), additional time is to be allowed even though no officer, employee, agency, or corporation of the United States was served.

*GAP Report*. The most important changes were made to ensure that no one would read the seemingly independent provisions of paragraphs 2(A) and 2(B) to mean that service must be made twice both on the United States and on the United States employee when the employee is sued in both official and individual capacities. The word "only" was added in subparagraph (A) and the new phrase "whether or not the officer or employee is sued also in an individual capacity" was inserted in subparagraph (B).

Minor changes were made to include "Employees" in the catchline for subdivision (i), and to add "or employee" in paragraph 2(A). Although it may seem awkward to think of suit against an employee in an official capacity, there is no clear definition that separates "officers" from "employees" for this purpose. The published proposal to amend Rule 12(a)(3) referred to actions against an employee sued in an official capacity, and it seemed better to make the rules parallel by adding "employee" to Rule 4(i)(2)(A) than by deleting it from Rule 12(a)(3)(A).

### COMMITTEE NOTES ON RULES—2007 AMENDMENT

The language of Rule 4 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Rule 4(d)(1)(C) corrects an inadvertent error in former Rule 4(d)(2)(G). The defendant needs two copies of the waiver form, not an extra copy of the notice and request.

Rule 4(g) changes "infant" to "minor." "Infant" in the present rule means "minor." Modern word usage suggests that "minor" will better maintain the intended meaning. The same change from "infant" to "minor" is made throughout the rules. In addition, subdivision (f)(3) is added to the description of methods of service that the court may order; the addition ensures the evident intent that the court not order service by means prohibited by international agreement.

Rule 4(i)(4) corrects a misleading reference to "the plaintiff" in former Rule 4(i)(3). A party other than a plaintiff may need a reasonable time to effect service. Rule 4(i)(4) properly covers any party.

Former Rule 4(j)(2) refers to service upon an "other governmental organization subject to suit." This is changed to "any other state-created governmental organization that is subject to suit." The change entrenches the meaning indicated by the caption ("Serving a Foreign, State, or Local Government"), and the invocation of state law. It excludes any risk that this rule might be read to govern service on a federal agency, or other entities not created by state law.

The former provision describing service on interpleader claimants [former subd. (k)(1)(C)] is deleted as redundant in light of the general provision in (k)(1)(C) recognizing personal jurisdiction authorized by a federal statute.

### AMENDMENT BY PUBLIC LAW

**1983** —Subd. (a). Pub. L. 97–462, §2(1), substituted "deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint" for "deliver it for service to the marshal or to any other person authorized by Rule 4(c) to serve it".

Subd. (c). Pub. L. 97–462, §2(2), substituted provision with subd. heading "Service" for provision with subd. heading "By Whom Served" which read: "Service of process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose, except that a subpoena may be served as provided in Rule 45. Special appointments to serve process shall be made freely. Service of process may also be made by a person authorized to serve process in an action brought in the courts of general jurisdiction of the state in which the district court is held or in which service is made."

Subd. (d). Pub. L. 97–462, §2(3), (4), substituted "Summons and Complaint: Person to be Served" for "Summons: Personal Service" in subd. heading.

Subd. (d)(5). Pub. L. 97–462, §2(4), substituted "sending a copy of the summons and of the complaint by registered or certified mail" for "delivering a copy of the summons and of the complaint".

Subd. (d)(7). Pub. L. 97–462, §2(3)(B), struck out par. (7) which read: "Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.". See subd. (c)(2)(C) of this rule.

Subd. (e). Pub. L. 97–462, §2(5), substituted "Summons" for "Same" as subd. heading.

Subd. (g). Pub. L. 97–462, §2(6), substituted in second sentence "deputy United States marshal" and "such person" for "his deputy" and "he" and inserted third sentence "If service is made under subdivision (c)(2)(C)(ii) of this rule, return shall be made by the sender's filing with the court the acknowledgment received pursuant to such subdivision.".

Subd. (j). Pub. L. 97–462, §2(7), added subd. (j).

## EFFECTIVE DATE OF 1983 AMENDMENT

Amendment by Pub. L. 97–462 effective 45 days after Jan. 12, 1983, see section 4 of Pub. L. 97–462, set out as a note under section 2071 of this title.

## COMMITTEE NOTES ON RULES—2015 AMENDMENT

Subdivision (d). Abrogation of Rule 84 and the other official forms requires that former Forms 5 and 6 be directly incorporated into Rule 4.

Subdivision (m). The presumptive time for serving a defendant is reduced from 120 days to 90 days. This change, together with the shortened times for issuing a scheduling order set by amended Rule 16(b)(2), will reduce delay at the beginning of litigation.

Shortening the presumptive time for service will increase the frequency of occasions to extend the time. More time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis action.

The final sentence is amended to make it clear that the reference to Rule 4 in Rule 71.1(d)(3)(A) does not include Rule 4(m). Dismissal under Rule 4(m) for failure to make timely service would be inconsistent with the limits on dismissal established by Rule 71.1(i)(1)(C).

Shortening the time to serve under Rule 4(m) means that the time of the notice required by Rule 15(c)(1)(C) for relation back is also shortened.

## COMMITTEE NOTES ON RULES—2016 AMENDMENT

Rule 4(m) is amended to correct a possible ambiguity that appears to have generated some confusion in practice . Service in a foreign country often is accomplished by means that require more than the time set by Rule 4(m). This problem is recognized by the two clear exceptions for service on an individual in a foreign country under Rule 4(f) and for service on a foreign state under Rule 4(j)(1) . The potential ambiguity arises from the lack of any explicit reference to service on a corporation, partnership, or other unincorporated association. Rule 4(h)(2) provides for service on such

[Type here]

defendants at a place outside any judicial district of the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Invoking service "in the manner prescribed by Rule 4(f)" could easily be read to mean that service under Rule 4(h)(2) is also service "under" Rule 4(f) . That interpretation is in keeping with the purpose to recognize the delays that often occur in effecting service in a foreign country . But it also is possible to read the words for what t hey seem to say — service is under Rule 4(h)(2), albeit in a manner borrowed from almost all, but not quite all, of Rule 4(f).

The amendment resolves this possible ambiguity.

Committee Notes on Rules—2017 Amendment

This is a technical amendment that integrates the intended effect of the amendments adopted in 2015 and 2016.

‹ Rule 3. Commencing an Action up Rule 4.1. Serving Other Process ›

Joseph Parrott Sr.
1437 Delmar Street
Jacksonville, FL 32205
(770) 305-9608
parrottei@gmail.com

Jo-Lynn Parrott
1437 Delmar Street
Jacksonville, FL 32205
(904) 614-8928
Jolynn.parrott@gmail.com

07/07/2022

07/07/2022

## DEMAND LETTER

July 12th 2022

Kenneth P. Carman Esq.
Gregory A. Victor, Esq.
1451 W. Cypress Creek Road Suite 211
Fort Lauderdale, Florida 33309
Attorneys on behalf of Respondent
Homewood suite by Hilton

Discrimination and harassment by Management, Staff Members.  My family and I Checked into the Homewood suites by Hilton on July 21th 2021 we thought the stay would have been pleasant, but instead it was a nightmare. Ms. Michelle Collingsworth, the manager, racial profiled my wife, myself and other guest. She constantly single us out in front of other guest as well as staff informing us that our card on file declined authorization when in fact we deposited money to ensure that there were funds available.  The harassment started around July 26, 2021. The harassment happened on several occasions We asked her not to embarrass us in front of other people however to no avail she continued. Michelle the card declining as an excuse to harass and racial profile us continuously.  On Sunday, August 15, 2021 my daughter received a call on the cell phone which she did not make it to the phone on time then immediately we received a call on the hotel room's phone in which Michelle the manager said that she was not able to authorize our card that was on file. I explained that we had already deposited over $1100.00 in our account which covered the bill until Monday. We showed her the bank receipt from that morning and from that evening in which the balance was the same amount. We even showed it to LaShawn the clerk. We had already extended the stay for additional day therefore we were covered until Tuesday.  She told us that I was wrong and that I would need to pay more or leave.  I asked if she has a problem with me.  She responded "NO I just was to make sure that I get my money!"  My husband asked if she as racist against black people. She denied.  She asked if I wanted to speak to the general manager.  We replied yes. She called him.  He told her that he would speak to us on Monday etc.,

Andreas the general manager has slandered my name by saying that I told him I sue judges and lawyers and having lawyers disbarred.  He and I never had any conversation about this.  We only discussed the problems with the staff and the horrible conditions of the building.   He went as far as making a sworn statement on an affidavit.  The only reason he would know this because I was doing a lot of legal work on the computer at the hotel. On several occasions I accidently forgot and left my document at the computer hours later the front desk would call me to come get the documents that I left. So someone had to read my documents. They may have even made copies.  I do not take this lightly.  This threatens my safe, my life, etc.,

There are disgusting, file and OBNOXIOUS, AND nasty rumor that we spread by the staff that my wife of 39 years and my daughter were having sex with the guest.  This slanderous to the highest level. WHICH

IS A FLAT OUT LIE!  This a directly against the hotel for hiring such employees.  We have written emails to the Corporate Office of Christopher Nassetta in which Ms. Quitta Johnson responded.  We communicated via email and phone. We have spoken to Corporate, we have spoken to management. We have tried everything to resolve the matter.  And at this point they want to sweep it under the rug and offer us $8,500.00 just to go away which I rejected it.  This situation has a devastating affect on our family.  We are now in therapy for our mental state. Etc.,

In my demand please send me a check or money order in the amount of $8,500,500.00 by August 12, 2022.  Deadline for action.

If the problem is not resolved to my satisfaction as outlined above.  I will be exercising my rights thfough Federal court unless you notify me that you are willing to try resolve this matter through mediation. And in that case, I am willing to meet with a neutral third party agreed to by both of us in a good-faith attempt to resolve the dispute without court action.

Thank you for your immediate attention to this matter.

Sincerely

Joseph Parrott SR
1437 Delmar Street
Jacksonville, Florida 32205-6100
Phone: 770 305 9608
Email: parrottei@gmail.com

1. <u>CA Contents</u>

2. <u>TITLE 25</u>

3. <u>CHAPTER 20</u>

4. <u>Appendix of Forms</u>

5. Form 18-A NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE AND

# Montana Code Annotated 2021

TITLE 25. CIVIL PROCEDURE
CHAPTER 20. RULES OF CIVIL PROCEDURE
Appendix of Forms

# Notice Of A Lawsuit And Request To Acknowledge And

Form 18-A. NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE AND

WAIVE SERVICE OF A SUMMONS

JOSEPH PARROTT SR.

 Plaintiff,

                                        Civil No...

.Vs .NOTICE OF A LAWSUIT AND REQUEST TO

    Kenneth Carsman   Esq

    Defendent

C.D., Defendant .ACKNOWLEDGE AND WAIVE SERVICE OF A SUMMONS

To: (name of defendant--or if the defendant is a corporation, partnership or association name, an officer or agent authorized to receive service):

    Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you acknowledge and waive formal service of a summons by signing and returning the enclosed acknowledgment and waiver. To avoid these expenses, you must return the signed acknowledgment and waiver within 21 days (42 days if you are the State of Montana, a state agency, or a state officer or employee) from the date shown below, which is the date this notice was sent. Two copies of the acknowledgment and waiver are enclosed, along with a stamped, self-addressed envelope, or other prepaid means for returning one copy. You may keep the other copy.

What happens next?

If you return the signed acknowledgment and waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 21 days from the date you sign the acknowledgment and waiver (42 days if you are the State of Montana, a state agency, or a state officer or employee sued in an official capacity) to answer the complaint.

If you do not return the signed acknowledgment and waiver within the time indicated, I will arrange to have the summons and complaint served on you, and I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 07/22/2022

Signature

Printed name

Joseph Parrott Sr

Relationship to entity or authority to receive service

Plaintiff

Address

1437 Delmar Street

Jacksonville, FL 32205

E-mail address

parrottei@gmail.com

Telephone number

(770)305-9608

Comment: Both Form 18B and the "Duty to Avoid Unnecessary Expenses of Serving a Summons" page should always accompany this form.

**History:   En. Sup. Ct. Ord. Oct. 9, 1984, eff. Oct. 9, 1984; amd. Sup. Ct. Ord. Nov. 1988; amd. Sup. Ct. Ord. No. AF 07-0157, January 31, 2012.**

1. <u>CA Contents</u>

2. <u>TITLE 25</u>

3. <u>CHAPTER 20</u>

4. <u>Appendix of Forms</u>

5. Form 18-A NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE AND

# Montana Code Annotated 2021

TITLE 25. CIVIL PROCEDURE
CHAPTER 20. RULES OF CIVIL PROCEDURE
Appendix of Forms

# Notice Of A Lawsuit And Request To Acknowledge And

Form 18-A. NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE AND

WAIVE SERVICE OF A SUMMONS

JOSEPH PARROTT SR.

 Plaintiff,

 Kenneth Carsman   Esq                                    Civil No...

 ...

    vs.NOTICE OF A LAWSUIT AND REQUEST TO

C.D., Defendant.ACKNOWLEDGE AND WAIVE SERVICE OF A SUMMONS

To: (name of defendant--or if the defendant is a corporation, partnership or association name, an officer or agent authorized to receive service):

    Why are you getting this?

    A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you acknowledge and waive formal service of a summons by signing and returning the enclosed acknowledgment and waiver. To avoid these expenses, you must return the signed acknowledgment and waiver within 21 days (42 days if you are the State of Montana, a state agency, or a state officer or employee) from the date shown below, which is the date this notice was sent. Two copies of the acknowledgment and waiver are enclosed, along with a stamped, self-addressed envelope, or other prepaid means for returning one copy. You may keep the other copy.

What happens next?

If you return the signed acknowledgment and waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 21 days from the date you sign the acknowledgment and waiver (42 days if you are the State of Montana, a state agency, or a state officer or employee sued in an official capacity) to answer the complaint.

If you do not return the signed acknowledgment and waiver within the time indicated, I will arrange to have the summons and complaint served on you, and I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 07/22/2022

Signature

Printed name

Joseph Parrott Sr

Relationship to entity or authority to receive service

Plaintiff

Address

1437 Delmar Street

Jacksonville, FL 32205

E-mail address

parrottei@gmail.com

Telephone number

(770)305-9608

Comment: Both Form 18B and the "Duty to Avoid Unnecessary Expenses of Serving a Summons" page should always accompany this form.

**History:**   **En. Sup. Ct. Ord. Oct. 9, 1984, eff. Oct. 9, 1984; amd. Sup. Ct. Ord. Nov. 1988; amd. Sup. Ct. Ord. No. AF 07-0157, January 31, 2012.**